**Application of David DE LA O For a Writ of Habeas Corpus.**
**No. 63–793–S.**

United States District Court
S. D. California,
Central Division.
Sept. 4, 1963.

S. M. Irmas, Jr., of Irmas & Rutter, Beverly Hills, Cal., for petitioner.

Stanley Mosk, Atty. Gen., William E. James, Asst. Atty. Gen., and Gordon Ringer, Deputy Atty. Gen., Los Angeles, Cal., for the State of California.

ALBERT LEE STEPHENS, Jr., District Judge.

Petitioner, S. M. Irmas, Jr., Esquire, filed with this Court on July 5, 1963, a Petition for Writ of Habeas Corpus on behalf and for the benefit of David De La O, a person confined in the California Rehabilitation Center at Chino, California, under an order of commitment entered pursuant to California Penal Code, Section 6450, on May 29, 1962, by the Superior Court of the State of California in and for the County of Los Angeles. On July 18, 1963, petitioner Irmas filed a Supplemental Petition for Writ of Habeas Corpus in response to a request from this Court for necessary informa-

tion regarding the appellate history of the case in the courts of the State of California, and included therein was a request by petitioner that petitioner De La O be released on bail pending the outcome of a hearing. The Attorney General of California, on July 19, 1963, filed a document entitled, "Opposition to Petition, to Supplemental Petition, and to Request for Bail," and attached thereto the Brief for Respondent in Opposition in De La O v. California, 374 U.S. 856, 83 S.Ct. 1927, 10 L.Ed.2d 1076, and a document entitled, "Commitment and Corrective Treatment of Narcotic Addicts." Incorporated by reference is the opinion of the California Supreme Court in In re De La O, 59 A.C. 140, 28 Cal. Rptr. 489, 378 P.2d 793 (1962).

There is no dispute as to the relevant facts which appear below. Since no factual issues are in dispute and no other circumstances were called to the Court's attention which would indicate that a hearing is necessary, the Court finds that a hearing is not necessary. See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

A criminal complaint was brought against the said David De La O in the Municipal Court for the County of Los Angeles charging him with violation of the California Health and Safety Code, Section 11721, a misdemeanor, in that he "did wilfully and unlawfully use and be addicted to the unlawful use of narcotics * * *." Although entitled to a jury trial, De La O knowingly waived a jury trial and was found guilty as charged on April 5, 1962, by the Municipal Court and a motion for new trial was denied on May 15, 1962. On May 22, 1962, the Municipal Court, on its own motion, suspended proceedings in the criminal action and certified De La O to the Superior Court of the State of California pursuant to California Penal Code, Section 6450. No judgment imposing imprisonment, fine or other penal sanction was entered in the criminal case.

The Superior Court conducted a hearing and examination in accordance with the provisions of California Penal Code,

Section 6450, wherein petitioner De La O was represented by counsel.

Petitioners do not contest the sufficiency of the evidence received at the hearing which included the testimony of two regularly appointed physicians who gave their opinions that De La O was a narcotic addict, and recommended that he be committed to the California Rehabilitation Center. These opinions were based upon a physical examination indicating the use of narcotics and a medical history voluntarily supplied by De La O that he began the use of heroin in 1943, his average use was one gram per day, and he had used other drugs, including cocaine and opium.

At the conclusion of the hearing the Superior Court made appropriate findings and entered an order adjudging De La O " * * * a narcotic addict within the meaning of Section 6450, Penal Code, and said person is committed to the Director of Corrections for placement as provided for by law, for a period of five years, except as earlier discharge is provided for by law." (Judgment and Commitment by Superior Court, ¶ 4 appended to Petition.)

Section 6450 of the California Penal Code provides, in part, as follows:

> " * * * If a person committed pursuant to this section, after conviction of a misdemeanor other than a violation of Section 11721 of the Health and Safety Code, is dissatisfied with the order of the court, he may demand a hearing by a * * * jury * * *."

It therefore appears that while some persons committed to the custody of the Director of Corrections, pursuant to the provisions of this statute, may be entitled to a jury trial, defendant was in a class of persons who, by express exception of the statute, were not granted a right of trial by jury. The record submitted to this court does not indicate whether De La O made a demand for a jury, notwithstanding this provision. To eliminate any doubt as to whether this would make a difference, for purposes of

this Order it will be assumed that he did make a timely demand for a jury trial.

On May 22, 1962, the day the Municipal Court suspended the criminal proceedings and certified De La O to the Superior Court, his attorney filed a Notice of Appeal in the Municipal Court from that Court's denial of a motion for new trial in the criminal case filed May 15, 1962, and the order certifying De La O to the Superior Court. After issuing an order to show cause on its own motion why the appeal should not be dismissed on June 25, 1962, the Appellate Department of the Superior Court entered an order on July 15, 1962, dismissing the appeal. The grounds for dismissing the appeal were: (1) That the appeal from the order denying a new trial was premature, it having been filed before the defendant was committed to the Director of Corrections (People v. Baul, 202 Cal. App.2dSupp. 877, 20 Cal.Rptr. 925 (1962)), and (2) that no appeal lies from the order certifying the defendant to the Superior Court, it being a non-appealable interlocutory order (California Penal Code, § 1466). This order was upheld by the California Supreme Court in In re De La O, 59 A.C. 140, 166, 28 Cal.Rptr. 489, 378 P.2d 793 (1963).

In the opinion the California Supreme Court went on to point out that De La O, acting in propria persona, had sent a Notice of Appeal of the order committing him to the California Rehabilitation Center to the Clerk of the Superior Court. The Clerk did not file the Notice of Appeal, but rather sent a letter to De La O stating that Penal Code, Section 6450 has no provisions for appeal but suggesting that it may be appealable as a final judgment in a special proceeding under Section 963 of the California Code of Civil Procedure. The California Supreme Court agreed with this suggestion, citing People v. Gross, 44 Cal.2d 859, 860, 285 P.2d 630 (1955), and held that upon compliance with the pertinent rules of court De La O was entitled to have the Superior Court file his Notice of Appeal. (In re De La O supra, 59 A.C. at 168, 28 Cal.Rptr. at 507, 378 P.2d at 811.)

Petitioner Irmas' Supplemental Petition for Writ of Habeas Corpus reveals that he was employed by De La O as De La O's attorney to render his legal opinion as to whether an appeal from the order of commitment would be meritorious. De La O was advised by his said attorney that there was no question but that the evidence at the hearing was sufficient to sustain the order of commitment, that the legal and constitutional defects in the statute had been fully reviewed by the California Supreme Court and that the law of California as announced in Auto Equity Sales, Inc. v. Superior Court, 57 Cal.2d 450, 20 Cal. Rptr. 321, 369 P.2d 937 (1962), would require the Appellate Court to follow the decisions of the California Supreme Court. De La O made no request to prepare a record of appeal and five months have since elapsed. Rule 5(a) of the Rules of Court of the State of California allows ten days from the filing of a Notice of Appeal to file with the Clerk of the Superior Court a notice of papers he desires to incorporate in the record on appeal. De La O is in default under this rule and petitioner Irmas, De La O's said attorney, represents to this Court that he knows of no facts or circumstances which would constitute good cause under Rule 45(c) of the above rules to allow the Appellate Court to relieve the party from default. (Supplemental Petition, pp. 2–3.) From these facts it appears that De La O has no existing state remedy by way of appeal.

On August 6, 1962, petitioner filed a Petition for Writ of Habeas Corpus in the California District Court of Appeal, Fourth Appellate District, which was denied without an opinion. Petitioner then filed a Petition for Writ of Habeas Corpus in the Supreme Court of the State of California on August 28, 1962, which was denied in In re De La O, 59 A.C. 140, 28 Cal.Rptr. 489, 378 P.2d 793 (1962). A petition for certiorari, filed in the United States Supreme Court on May 9, 1963, was denied June 17, 1963.

In petitions for habeas corpus, pursuant to Title 28 U.S.C. § 2254, the application must show that the applicant has exhausted the remedies available in the courts of the state, or that there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

■ A failure to appeal has been held not to constitute a failure to exhaust "the remedies available in the courts of the State" as required by Title 28 U.S.C. § 2254; rather, the requirement refers only to a failure to exhaust remedies still open to the applicant at the time he files his application for habeas corpus in the Federal Court. (Fay v. Noia, 372 U.S. 391, 399, 83 S.Ct. 822, 9 L.Ed.2d 837 (1962))

■ Petitioner does not have available to him any state court corrective process. Under the circumstances, petitioner's failure to pursue an appeal was not a waiver of his right to appeal such as to justify the withholding of federal habeas corpus relief. Petitioner's verified Supplemental Petition for Writ of Habeas Corpus clearly indicates that petitioner's only grounds for relief were those raised and decided by the California Supreme Court in In re De La O, supra. An appeal on the same issues to an Appellate Court of California would have been a useless and meaningless procedure.

This Court considers Title 28 U.S.C. § 2254, to be satisfied and, accordingly, the Court must reach the merits of applicant's petition.

The grounds stated in the Petition for Writ of Habeas Corpus are: (1) De La O was denied a trial by jury in the Superior Court proceedings in violation of the Fourteenth Amendment to the Constitution; and (2) De La O is suffering cruel and unusual punishment within the meaning of the Eighth Amendment to the Constitution.

■ Petitioner's argument in this Court is chiefly concerned with the first point: Denial of a jury trial to those convicted of violating Section 11721 of the California Health and Safety Code. It is petitioner's contention that the granting of a jury trial to some persons committed to the Director of Corrections pursuant to Penal Code, Section 6450 and not to others is a denial of equal protection in that the statute sets up an arbitrary classification of persons subject to its provisions. To support this contention petitioner has posed hypothetical situations to point out the inconsistency alleged to exist in the granting or denying of a jury trial to the various groups described in California Penal Code, Section 6450, 6451 and 6500.

In In re De La O, supra, 59 A.C. at 162, 28 Cal.Rptr. at 503–504, 378 P.2d at 807–808, the California Supreme Court ruled that these commitment procedures are in the nature of a special civil proceeding, and, therefore, there is no right to a jury trial unless it is specifically conferred by statute and that the Legislature could properly grant a jury trial to all persons committed pursuant to Penal Code, Section 6450 except those convicted of violation of Health and Safety Code, Section 11721 and withhold it as to the latter.

The Supreme Court points out that De La O has not been denied the equal protection of the laws since he and all persons in like circumstances are entitled to the benefits of the treatment afforded by the law to narcotic addicts or narcotics users likely to become addicts. De La O, however, prefers to look upon the matter in a different light. He would like to be spared from this beneficence on the part of the state and to be released from custody. There is no question but that he is being restrained of his liberty and in the present circumstances being forced to undergo treatment presumably for his own benefit and for the benefit of the rest of society.

Implicit in De La O's position is the thought that a jury might have found that he was not addicted or in imminent danger of addiction to narcotics. In such a case, he could neither be com-

pelled to undergo treatment nor entitled to treatment (California Penal Code, Section 6506). He says, in effect, that although everyone who is addicted or in imminent danger of addiction is entitled to and can be involuntarily compelled to undergo treatment under this Section 6450, he is in no different a classification or position than anyone else when it comes to establishing whether he is in that class which the statute is designed to affect. If other people who are guilty of misdemeanors are entitled to a jury trial to establish whether they may be entitled to treatment or compelled to accept it, so should he be similarly entitled to trial by jury of this issue. When it comes to taking away his liberty, he says that he is in the same class as other misdemeanants.

The question, as petitioner puts it, is whether by reason of conviction of a misdemeanor wherein De La O was found wilfully and unlawfully to use or be addicted to the unlawful use of narcotics, he is in a different category than other misdemeanants convicted of offenses not involving the unlawful use of or unlawful addiction to narcotics. The difference between persons, such as De La O, who have been convicted of either being a user or an addict of narcotics with a right to trial by jury on an accusation of such an offense is that their conviction has established the fact that they are either users or addicts while the others have had no trial whatever to determine what, if any, connection they have with narcotics.

Only a person who is in a class apart from others which class is arbitrary and not justifiable can object to that particular classification as denying him equal protection of the laws.

Those persons referred to in Penal Code, Section 6500, as potential subjects of treatment, have likewise had no trial as to their connection with narcotics, and on this basis the class in which De La O finds himself is distinguishable. Petitioner says hypothetically that a person might be convicted pursuant to Health and Safety Code, Section 11721, sentenced or paroled without treatment and then be the subject of a petition for commitment for treatment pursuant to Penal Code, Section 6500. Supposedly this is an example of lack of equal protection since had there been a proceeding under Section 6450 the subject would have no right to jury trial while under § 6500 he would be entitled to one.

This presents no basic inconsistency. Even if there were some inconsistency the statute is not subject to challenge for that reason alone. Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78–79, 31 S.Ct. 337, 55 L.Ed. 369 (1910), Pyeatte v. Board of Regents of University of Oklahoma, 102 F.Supp. 407, 416 (W.D. Okl.1951) Aff'd 342 U.S. 936, 72 S.Ct. 567, 96 L.Ed. 696 (1952). The trial judge hearing the Health and Safety Code, Section 11721, charge may not have considered that the subject was an addict or likely to become one while at a later time such might appear to be the case. While the same person might be involved, his resistance to addiction may have dissolved. A convicted Health and Safety Code, Section 11721, misdemeanant could have been found guilty because of unlawful use of narcotics rather than unlawful addiction. It not appearing to the trial judge that he was addicted or in imminent danger of becoming addicted to narcotics he would not be certified to the Superior Court. In any subsequent proceeding he would be one of a class of persons subject to other provisions of the law.

Conversely, a person could conceivably be found by a jury not to be commitable pursuant to a petition brought under Penal Code, Section 6500 and almost simultaneously charged with a violation of Health and Safety Code, Section 11721, duly convicted by a jury and committed to treatment by a judge without a jury.

Also, a person might be convicted by a jury of violation of Health and Safety Code, Section 11721, certified to the Superior Court, and after a hearing before a judge be found not subject or entitled to treatment. Subsequently, he might

be tried by a jury under Penal Code, Section 6500, and committed to treatment. Conceivably, each of the above hypothetical situations could be the result of true findings in every circumstance determined in each instance by the facts as then existing.

Whether the Legislature has arbitrarily deprived those persons who are potentially subject to treatment pursuant to Penal Code, Section 6451 of a jury trial or not is not subject to question by the petitioner. There may be other and different reasons for such a classification, the existence of which has not been brought to light in this litigation because it is not involved. The hypothetical situations posed by petitioner are not helpful toward a solution. They do not constitute reasoning by analogy.

Whether the issue be considered as being whether "the benefits are potentially open to all persons on the same tests," or whether a person convicted of a violation of § 11721 is in a different class from other persons who are potentially subject to involuntary commitment for treatment, the answer is the same. As expressed by the Supreme Court of California, "In the circumstances petitioner fails to show that the line drawn by the Legislature is 'palpably arbitrary and beyond rational doubt erroneous.'" The same standard has recently been expressed in McGowan v. Maryland, 366 U.S. 420 at page 425, 81 S.Ct. 1101 at pages 1104–1105, 6 L.Ed.2d 393 (1961):

> "The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. See Kotch v. Board of River Port Pilot Comm'rs, 330 U.S. 552 [67 S.Ct. 910, 91 L.Ed. 1093]; Metropolitan Casualty Ins. Co. [of New York] v. Brownell, 294 U.S. 580 [55 S.Ct. 538, 79 L.Ed. 1070]; Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61 [31 S.Ct. 337, 55 L.Ed. 369]; Atchison, T. & S. F. R. Co. v. Matthews, 174 U.S. 96 [19 S.Ct. 609, 43 L.Ed. 909]."

As a subsidiary issue petitioner contends that De La O was convicted of violation of California Health and Safety Code, Section 11721 but has had no opportunity for appellate review of the conviction. If the conviction is unlawful, then De La O would not be in the class of convicted § 11721 misdemeanants and he would be entitled to a jury trial of the issue of whether he is addicted or in imminent danger of becoming addicted to narcotics before he could be subjected to involuntary treatment. He insists that De La O has been denied the right of appeal and therefore denied due process of law and equal protection of law. The California Supreme Court replied to this argument by saying that his right of appeal was not denied but simply postponed.

The statutory process in this connection provides that after the defendant is convicted in the Municipal or justice court of violation of California Health and Safety Code, Section 11721 and certified to the Superior Court as a person who is a narcotic drug addict or by reason of repeated use of narcotics is in imminent danger of becoming addicted thereto and thereafter found by a judge of the Superior Court to be such a person and therefore ordered committed for treatment, such person may appeal a denial of a motion for a new trial by the inferior court at any time within 10 days of the making of the order of commitment or within 10 days of the commitment itself, whichever is later. A motion for a new trial may include all of the grounds for appeal from a final judgment. De La O failed to follow this procedure but prematurely filed a notice of appeal. The appeal was dismissed as premature. In this manner De La O has effectively had an opportunity to appeal

from his Section 11721 conviction but failed to do so.

No criticism can be directed against this procedure because no prejudice results to the defendant until he has been ordered committed for treatment. So the California Supreme Court has held that his right to appeal was simply postponed until such a time as it appeared that an order prejudicial to the defendant was made, to wit: the order of commitment for treatment. Then followed an effective right of appeal in which he could challenge his conviction and the propriety of his classification.

Petitioner's contention that De La O is subjected to cruel and unusual punishment is without merit. Although the treatment may be unwanted by De La O, it has been provided by the Legislature as a benefit to De La O and to society. While confinement is involuntary, it is devoid of penal characteristics.

It is hereby ordered that the petition for Writ of Habeas Corpus be denied.