[Crim. No. 9656.    In Bank.    Apr. 15, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. MANUEL REYNOSO, Defendant and Appellant.

John F. Ingro, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas Kerrigan, Deputy Attorney General, for Plaintiff and Respondent.

BURKE, J.—This cause was transferred to this court after decision by the District Court of Appeal, Fourth Appellate District. On further examination of the record, we adopt the opinion of that court prepared by Mr. Justice Whelan (*People v. Reynoso* (Cal.App.) 47 Cal.Rptr. 250), with such omissions and additions as hereinafter appear, as and for the opinion of this court. As modified it reads:

Defendant appeals from a judgment imposed October 30, 1964, sentencing him to prison for a violation of section 11500, Health and Safety Code (possession of heroin), after his plea of guilty entered July 19, 1963.

While an inmate of the California Rehabilitation Center in San Bernardino County, defendant was charged with possession of heroin that probably had been smuggled into the facility by his wife. He pleaded guilty to the charge, was determined by the court to be addicted to the use of narcotics after criminal proceedings were suspended for the purpose of a hearing upon the question of addiction, and was again committed to the California Rehabilitation Center for care and treatment.

His earlier commitment to the center, on October 18, 1962, had followed his conviction in the Superior Court of Orange County of a violation of section 11501, Health and Safety Code.

After his second commitment to the rehabilitation center, defendant, on July 15, 1964, because of procedural defects in the two commitments, obtained his release on a writ of habeas corpus issued by the Superior Court of San Luis Obispo County which ordered defendant remanded to the Superior Court of San Bernardino County for further proceedings in the criminal matter. After defendant's application for probation had been passed upon and denied, the judgment appealed from followed. Sentence was made concurrent with any other unexpired sentence.[1]

. . . . . . . . . . . . . .

Defendant contends as follows:

1. That the commitment to the California Rehabilitation Center for care and treatment as a narcotic addict was a penal sentence for the crime he had committed; that the judgment sentencing him to prison for the same offense is a double punishment which is prohibited by section 654, Penal Code.

2. That he has in fact served a sentence of imprisonment by reason of the time spent at the California Rehabilitation Center under the order of the San Bernardino Superior Court.

3. That he is denied the equal protection of the laws for the following reason: Section 6520, Penal Code, provided that an addict committed to the rehabilitation center under article 2 of the act, if he gain outpatient status and in that status abstain from the use of narcotics for at least three consecutive years,

---

[1]Omission of center headings is indicated by dots.

and be discharged from the program, receive credit for the time spent in the program on a sentence for the crime. Defendant was committed under article 2 and, under the act, may not receive any allowance on his prison sentence for the time spent in the program.

. . . . . . . . . . . .

The Legislature in 1965 transferred the provisions for the commitment and treatment of addicts from the Penal Code to the Welfare and Institutions Code where they are sections 3000 et seq. of division 3 of that code. (Stats. 1965, ch. 1226.)

■ Commitment under article 2 of the act governing commitment and corrective treatment of narcotic addicts does not imprison the subject, is not a punishment for crime, is not penal confinement, and the act is not a penal statute. Such commitment constitutes compulsory treatment of the addict as a sick person. (*In re De La O,* 59 Cal.2d 128 [28 Cal.Rptr. 489, 378 P.2d 793, 98 A.L.R.2d 705]; *In re Trummer,* 60 Cal.2d 658, 659 [36 Cal.Rptr. 281, 388 P.2d 177].)

■ In enacting the subject statute, the Legislature intended to create a new program for the confinement (which in truth is a quarantine rather than penal sanction), treatment and rehabilitation of narcotics addicts. (*In re De La O, supra,* 59 Cal.2d 128, 148.)

■ A defendant in a criminal case has not suffered double jeopardy nor double punishment who has first been committed under section 6451, Penal Code, to the California Rehabilitation Center and later sentenced to prison in the criminal proceedings that had been suspended. (*People* v. *Herrera,* 232 Cal.App.2d 558 [43 Cal.Rptr. 12].)

The briefs of both parties discuss whether a person convicted of addiction under the statute declared unconstitutional by *Robinson* v. *California,* 370 U.S. 660 [82 S.Ct. 1417, 8 L.Ed.2d 758], could be punished also for possession. Neither brief mentions *People* v. *Rodriguez,* 202 Cal.App.2d 191 [20 Cal.Rptr. 556], or *People* v. *Ayala,* 167 Cal.App.2d 49 [334 P.2d 61], both of which held that such successive prosecutions did not offend against section 654, Penal Code.

. . . . . . . . . . . .

Without treating in detail defendant's arguments that he has twice been sentenced for the same offense, we note that the arguments were disposed of by *In re De La O, supra,* 59 Cal.2d 128. That decision is determinative that the commitment for treatment was not a penal sentence.

*De La O* negates the claim that by being in the California Rehabilitation Center defendant has already undergone punishment for the crime for which he has now been sentenced.

██ Having more persuasive surface appeal is the argument that defendant is denied the equal protection of the laws. He is denied any allowance for time spent in the rehabilitation center; others committed to the same facility and placed on outpatient status may under certain conditions receive such allowance. The existence of the conditions for such allowance is the answer to defendant's argument. Since time spent in the center is not a punishment for crime, section 2900.1, Penal Code, can have no pertinence. The Legislature was not required to make an allowance for such time spent. An obvious reason for the provision is to encourage the patient to cooperate in his own rehabilitation, to offer an incentive thereto. Defendant receives no different treatment than others in the same class as himself, i.e., those who reject the assistance offered toward rehabilitation. Thus he is not denied the equal protection of the laws.[2]

██ [In holding that defendant is not entitled to credit as a matter of law on his sentence on the criminal charge for time spent in the rehabilitation center, we do not infer that a judge in pronouncing sentence or a sentencing and paroling body, such as the Adult Authority, Board of Trustees of the California Institution for Women, or Youth Authority, may not or should not take into consideration time spent by a defendant in the rehabilitation center. This is a matter vested in the discretion of such judge or board and properly may be weighed in conjunction with all of the other considerations having bearing on the particular case.][3]

The judgment is affirmed.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Peek, J., and Mosk, J., concurred.

---

[2]Brackets enclosing the material below are used to denote insertions or additions by this court.

[3]It would appear that defendant has never had judgment pronounced upon him upon his conviction of the unlawful sale of heroin in the County of Orange on October 10, 1962; this is called to the attention of sentencing authorities for whatever appropriate action is indicated.