[Crim. No. 11131.   Second Dist., Div. Four.   Sept. 6, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. CARLTON ROOSEVELT McCOWAN, Defendant and Appellant.

David A. Binder, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas Kerrigan, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—Following defendant's plea of guilty to one count of a grand jury indictment charging the violation of Health and Safety Code section 11500 (possession of heroin), criminal proceedings were adjourned, defendant was found to be a drug addict and was committed by the superior court to the California Rehabilitation Center pursuant to Penal Code section 6451 (now Welf. & Inst. Code, § 3051). Subsequently, the superintendent of the rehabilitation center (under the authority of the Director of Corrections) certified to the court that defendant was not a fit subject for further confinement or treatment at the center. The court ordered defendant returned for further proceedings. He was then denied probation and sentenced to state prison. This is an appeal from the judgment.

Defendant contends that the trial court failed to determine that the superintendent had not abused his discretion in rejecting him from further treatment at the rehabilitation center.

Background facts pertinent to a discussion and resolution of this contention are set out below.

Defendant was committed to the rehabilitation center on January 15, 1964. The minutes of the superior court of April 19, 1965, indicate that the court (Judge Reppy) ordered defendant's release from the custody of the superintendent of the rehabilitation center, and ordered that the sheriff return him to court for further proceedings. The minutes recite that these orders were made after the court's receipt of a communication from the superintendent stating that defendant was not a fit subject for confinement or treatment at the center, based on his "recent assaultive-type behavior and violence potential."

The letter from the superintendent referred to by the court, although not originally made a part of the record on appeal, is now before us, as we have augmented the record by ordering up the superior court file. The letter, dated March 29, 1965,

after stating that defendant's rejection was based on his violence potential and "recent assaultive-type behavior," explained that on January 16, 1965, a short time after he had been released to outpatient status by the rehabilitation center, he was arrested on suspicion of kidnaping, rape and robbery; this was in connection with a single incident which allegedly occurred in Santa Barbara after his release; he was not prosecuted for these offenses only because the alleged victim would not testify at the trial under her doctor's advice that to do so could endanger her health (she reportedly had high blood pressure).

The letter further referred to a report that was made evaluating defendant's suitability for the rehabilitation program when he was first committed, which indicated that defendant had an above average degree of "aggression"; a poor attitude towards institutionalization; and that the prognosis was that he would do "poorly in the program . . . and poorly on parole."

The minutes of the court dated April 29, 1965, recite that a hearing was held (before Judge Reppy), with respective counsel and defendant present; the court indicated that it had read and considered both the original and supplemental probation reports and had also read and considered the report from the California Rehabilitation Center furnished in addition to the letter of certification from the superintendent. The minutes also state that the court loaned its copy of the center's report to counsel for defendant for his perusal. The rulings on defendant's application for probation and the determination of his sentence were then continued to May 5, 1965.

On May 5, 1965, in a reported hearing (with Judge Churchill presiding), counsel for defendant presented his arguments on defendant's application for probation. He argued that the court should not, in ruling on defendant's application, consider the Santa Barbara incident referred to by the superintendent, since defendant was never prosecuted for the alleged offenses. After indicating that he had read and considered the probation reports, but had not had the opportunity to read the report from the rehabilitation center, the judge stated that defendant was not a proper candidate for probation because of his prior record, without regard to the arrest incident referred to. He thereupon made his ruling, denying defendant probation.

Counsel for defendant, upon then being asked whether any legal cause existed which would prevent rendition of the judg-

ment, stated that he wanted the record to show that he had presented the argument at the trial level "that the Narcotics Center improperly misapplied the standards as set out in Section 6453 of the Penal Code." No grounds were indicated to support this bare claim however, and the judge thereafter passed sentence on defendant.

■ We believe that defendant's contention reflects a misapprehension as to the respective powers and duties of the courts and the Director of Corrections under the statutory scheme set forth in the Narcotic Rehabilitation Act. That scheme calls for a succession of independent judgments on the ultimate question of whether or not a particular defendant should go to and remain in the rehabilitation program.

In the first instance, the judge presiding in the criminal proceedings determines (a) "that the defendant *may* be addicted or . . . in imminent danger of becoming addicted" [italics added] and, (b) that "in the opinion of the judge the defendant's record and probation report" does not indicate "such a pattern of criminality that he [defendant] does not constitute a fit subject for commitment. . . ." (Welf. & Inst. Code, § 3051, formerly Pen. Code, § 6451.)

Secondly, the judge presiding at the commitment hearing determines that defendant is, in fact, addicted or in imminent danger of becoming addicted. This question is all that the judge presiding at this hearing is called upon to determine. (*People* v. *Strickland,* 243 Cal.App.2d 196, 199 [52 Cal. Rptr. 215].)

Thirdly, the Director of Corrections (or the superintendent acting on his behalf), after a 60-day observation period, may make the determination that the defendant "because of excessive criminality or for other relevant reason, is not a fit subject for confinement or treatment" in the rehabilitation program. (Welf. & Inst. Code, § 3053, formerly Pen. Code, § 6453.)

■ There is nothing in the statute which authorizes any court to review the determination of the Director of Corrections that a person at the facility is not a fit subject. We may assume without deciding that if a decision of the director is so arbitrary and lacking in factual foundation as to constitute an abuse of his statutory discretion or is done in excess of jurisdiction, some judicial remedy is available. (Cf. *In re Swearingen,* 64 Cal.2d 519 [50 Cal.Rptr. 787, 413 P.2d 675].)

■ But the mere assertion of counsel, when the rejected person stands before the court for pronouncement of judgment,

does not require the court thereupon to conduct its own investigation of the grounds upon which the director acted. Since there was no evidence before the court indicating that the director's discretion had been abused or his power exceeded, the judge was required to proceed with the pronouncement of judgment in the criminal case.

Defendant contends that he was entitled to a credit against his sentence for the time he served in the California Rehabilitation Center. He was not entitled to any credit since he did not successfully complete the program. (*People* v. *Reynoso,* 64 Cal.2d 432, 435-436 [50 Cal.Rptr. 468, 412 P.2d 812].)

Finally, defendant maintains that he was deprived of a speedy trial, equal protection under the laws and due process, by reason of the delay in sentencing caused by his commitment to the rehabilitation center. These arguments have been held to be without merit in *People* v. *Reynoso, supra,* 64 Cal.2d 432. (See also *In re De La O,* 59 Cal.2d 128 [28 Cal.Rptr. 489, 378 P.2d 793, 98 A.L.R.2d 705].)

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.