Donald Leon SHOWERS, Petitioner,

v.

G. P. LLOYD, Respondent.

Civ. No. 68-490-AAH.

United States District Court
C. D. California.

Feb. 13, 1969.

Donald Leon Showers, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Megan A. Wagner, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner is in state custody pursuant to his conviction upon his plea of guilty to a charge of possession of heroin. The relevant facts are as follows:

Petitioner pled guilty on January 31, 1963 in Los Angeles Superior Court to Count I of a three-count consolidated information (Nos. 265289 and 266130), and was convicted on this guilty plea of the crime of possession of the narcotic, heroin, in violation of California Health and Safety Code, § 11500. On February 21, 1963, criminal proceedings were suspended and a petition was filed in Department 95 of the Los Angeles County Superior Court pursuant to California Penal Code, § 6451, now Welfare & Institutions Code, § 3051.[1] On February

---

1. Cal.Welf. & Inst.Code, § 3051

"§ 3051. Conviction in superior court; conduct of proceedings

Upon conviction of a defendant for any crime in any superior court, if it appears to the judge that the defendant may be addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics he shall adjourn the proceedings or suspend the imposition of the sentence and * * * order the district attorney to file a petition for commitment of the defendant to the Director of Corrections for confinement in the narcotic detention, treatment and rehabilitation facility unless, in the opinion of the judge, the defendant's record and probation report indicate such a pattern of criminality that he does not constitute a fit subject for commitment under this section. * * *

*Upon the filing of such a petition, the court shall order the defendant to be examined by two physicians. At least one day before the time of the examination as fixed by the court order, a copy of the petition and order for examination shall be personally delivered to the defendant. A written report of the examination by the physicians shall be delivered to the court, and if the report is to the effect that the person is not addicted nor in imminent danger of addic-*

26, 1963, petitioner was adjudged to be a narcotic drug addict within the meaning of the said § 6451 of the Penal Code and was ordered committed to the State Director of Corrections for placement as provided by law, for a period of 10 years, except upon earlier discharge as provided for by law. Counts II and III of the consolidated information were dismissed.

On November 3, 1967, petitioner filed a petition for writ of habeas corpus in the Superior Court of Riverside County, alleging that his detention was illegal because the court which committed him had failed to follow the procedural requirements of Penal Code, § 6451. On November 29, 1967, the petition was granted and it was ordered that petitioner be discharged from commitment, and further that he be remanded to the custody of the Director of Corrections and returned to Department 116, Los Angeles Superior Court, for further proceedings on the consolidated information. On December 22, 1967, upon his prior guilty plea and conviction, petitioner was returned to imprisonment in the state prison for the term prescribed by law, not less than two and not more than ten years.

Petitioner contends:

1. That the suspension of criminal proceedings for an "indefinite period of time" constitutes a denial of due process;

2. That Penal Code, § 6451 (now Welfare & Institutions Code, § 3051) is unconstitutional because it allows for double punishment;

3. That the fact that petitioner was committed under Penal Code, § 6451 and subsequently sentenced to state prison for the original violation of Health and Safety Code, § 11500 constitutes cruel and unusual punishment.

After reviewing the Petition for Writ of Habeas Corpus, the Response, the Traverse, and the arguments and authorities set forth by the parties, this Court is fully advised in the premises and thus orders that the Petition for Writ of Habeas Corpus be denied for the following reasons:

1. *Petitioner Has Failed to Exhaust State Remedies*

The issues which petitioner presents in his petition for writ of habeas corpus have never been presented to the

---

*tion, it shall so certify and return the defendant to the department of the superior court which directed the filing of the petition for such further proceedings on the criminal charges as the judge of such department deems warranted. If the report is to the effect that the defendant is addicted or is by reason of the repeated use of narcotics in imminent danger of addiction, further proceedings shall be conducted in compliance with Sections 3104, 3105, 3106, and 3107.*

*If, after a hearing, \* \* \* the judge \* \* \* finds that the \* \* \* defendant is a narcotic addict, or is by reason of the repeated use of narcotics \* \* \* in imminent danger of becoming addicted to narcotics, he shall make an order committing such person to the custody of the Director of Corrections for confinement in the facility until such time as he is discharged pursuant to Article 5 of this chapter, except as this chapter permits earlier discharge. In any case to which Section 3052 applies,*

the judge may request the district attorney to investigate the facts relevant to the advisability of commitment pursuant to this section. In unusual cases, wherein the interest of justice would best be served, the judge may, with the concurrence of the district attorney and defendant, order commitment notwithstanding Section 3052. If, upon the hearing, the judge shall find that the defendant is not a narcotic addict and is not in imminent danger of becoming addicted to narcotics, he shall so certify and return the defendant to the department of the superior court which directed the filing of the petition for such further proceedings on the criminal charges as the judge of such department deems warranted.

If a person committed pursuant to this section \* \* \* is dissatisfied with the order of \* \* \* commitment he may \* \* \* within 10 days after the making of such order file a written demand for a jury trial in compliance with \* \* \* Section 3108."

California courts for determination. Petitioner did not appeal from the judgment of conviction in consolidated Case Nos. 266130 and 265289. Nor has petitioner presented the issues raised here to any California court by way of petition for writ of habeas corpus.

The law is clear that before one may pursue a petition for writ of habeas corpus in the Federal Court he must exhaust those state remedies which remain open to him.

"The current law of exhaustion is, at the very least, this: A habeas applicant who has sought direct review of his conviction (including all the constitutional issues raised in his habeas petition) in the highest state court, even though he has sought neither certiorari in the United States Supreme Court nor collateral review in any state court, has exhausted his state remedies. If the habeas petitioner raises constitutional issues he has never presented to the state courts, *and if the applicant may still present those issues,* he must first exhaust his state remedies before applying for federal habeas corpus." Whippler v. Balkcom, 342 F.2d 388, 390 (5th Cir. 1965) (Emphasis supplied).

Although the instant case appears to come within the rule requiring exhaustion of state remedies, under present California law it is unclear whether "the applicant may still present those issues". Rule 31(a), California Rules of Court, and the cases which support it evidence a trend toward liberalization of the traditionally inflexible jurisdictional rule, ("the time for filing a notice of appeal * * * shall not be extended". Rule 45(c), Cal. Rules of Court). However,

Witkin's California Criminal Procedure § 700A (1967 Supp.) indicates that the recent cases require at least that the defendant communicate to his trial attorney his desire to appeal. Petitioner states that his reasons for not appealing were (1) he had pled guilty, and (2) "I am a layman; and no law books were avaible (sic) to me until now."

Since it appears that the scope of the state remedy available at this time is possibly so narrow as to be inapplicable to petitioner, and that the possibility of state relief is so uncertain as to make resort to the state courts ineffective, this Court does not feel that defendant should be forced to exhaust his state remedies and so now considers the merits of petitioner's contentions. Budd v. Rundle, 267 F.Supp. 49 (E.D.Penn.1967).

Before doing so, however, we note that the grounds asserted are so obviously without merit that this Court need not refer the matter to the state courts, but can deny the writ without affront to considerations of comity. Budd v. Rundle, supra, at p. 50.

2. *Petitioner Was Not Deprived of Due Process of Law Because of a Delay in Sentencing*

 Petitioner claims that the delay in sentencing occasioned by his commitment to the California Rehabilitation Center was a denial of due process. An examination of the applicable statutes shows that the California State Legislature clearly intended that criminal proceedings be suspended or adjourned after conviction but before sentencing where it appears that a defendant is addicted or in danger of becoming addicted to narcotics. Cal.Welf. & Inst.Code, §§ 3050–3053.[2] If commitment is found to be ad-

---

2. Cal.Welf. & Inst.Code §§ 3050–3053
"§ 3050. Conviction in municipal or justice court; certification to superior court; conduct of proceedings
Upon conviction of a defendant of any crime in a municipal or justice court, if it appears to the judge that the defendant may be addicted or by

reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics, such judge shall adjourn the proceedings or suspend the imposition of the sentence, * * * certify the defendant to the superior court *and order the district attorney to file a petition for a commitment of the defendant to the Direc-*

visable after a hearing pursuant to Welfare and Institutions Code, § 3051, defendant is sent to a rehabilitation center. Upon discharge from the center, the criminal proceedings are reopened, and at that time the trial court has discretion to dismiss the criminal charges or sentence the defendant. Cal.Welf. & Inst. Code,

*tor of Corrections for confinement in the narcotic detention, treatment and rehabilitation facility.*

*\* \* \* Upon the filing of such a petition, the superior court shall order the defendant to be examined by two physicians. At least one day before the time of the examination as fixed by the court order, a copy of the petition and order for examination shall be personally delivered to the defendant. A written report of the examination by the physicians shall be delivered to the court, and if the report is to the effect that the person is not addicted nor in imminent danger of addiction, it shall so certify and return the defendant to the municipal or justice court which certified such defendant to the superior court for such further proceedings as the judge of such municipal or justice court deems warranted. If the report is to the effect that the defendant is addicted or is by reason of the repeated use of narcotics in imminent danger of addiction, further proceedings shall be conducted in compliance with Sections 3104, 3105, 3106, and 3107 of Article 3.*

*If, after a hearing, \* \* \* the judge \* \* \* finds that the defendant \* \* \* is a narcotic addict, or is by reason of the repeated use of narcotics \* \* \* in imminent danger of becoming addicted thereto, and is not ineligible for the program under the application of Section 3052 hereof, he shall make an order committing such defendant to the custody of the Director of Corrections for confinement in the facility until such time as he is discharged pursuant to Article 5 of this chapter, except as this chapter permits earlier discharge. In any case to which Section 3052 applies, the judge may request the district attorney to investigate the facts relevant to the advisability of commitment pursuant to this section. In unusual cases, wherein the interest of justice would best be served, the judge may, with the concurrence of the district attorney and defendant, order commitment notwithstanding Section 3052. If, upon the hearing, the judge shall find that the defendant is not a narcotic addict and is not in imminent danger of becoming addicted to nar-*

*cotics, he shall so certify and return the defendant to the municipal or justice court which certified such defendant to the superior court for such further proceedings as the judge of such municipal or justice court deems warranted.*

*If a person committed pursuant to this section \* \* \* is dissatisfied with the order of \* \* \* commitment, he may \* \* \* within 10 days after the making of such order, file a written demand for a jury trial in compliance with Section 3108."*

§ 3051 See Footnote 1, *supra.*

*"§ 3052. Inapplicability of provisions to persons convicted of certain crimes.*

Sections 3050 and 3051 shall not apply to persons convicted of, or who have been previously convicted of murder, assault with intent to commit murder, attempt to commit murder, kidnaping, robbery, burglary in the first degree, mayhem, a violation of Section 245 or a violation of any provision of Chapter 1 (commencing with Section 261) of Title 9 of Part 1 of the Penal Code (but excepting subdivision 1 of Section 261) any felonies involving bodily harm or attempt to inflict bodily harm or any offense set forth in Article 1 (commencing with Section 11500) or 2 (commencing with Section 11530) of Chapter 5 of Division 10 of the Health and Safety Code, or in Article 4 (commencing with Section 11710) of Chapter 7 of such Division 10 for which the minimum term prescribed by law is more than five years in state prison."

*"§ 3053. Return to court of person not fit subject for confinement or treatment*

*If at any time after 60 days following receipt at the facility of a person \* \* \* committed pursuant to this article, the Director of Corrections concludes that the person, because of excessive criminality or for other relevant reason, is not a fit subject for confinement or treatment in such narcotic detention, treatment and rehabilitation facility, he shall return the person to the court in which the case originated for such further proceedings on the criminal charges as that court may deem warranted."*

§§ 3053, 3200, 3201 [3]; People v. Salazar, 238 Cal.App.2d 474, 47 Cal.Rptr. 894 (1965).

It is clear that this procedure is based on a sound legislative purpose. California courts have approved this method

3. Cal.Welf. & Inst.Code
§ 3053 See Footnote 2, *supra*.
"§ 3200. Authority

If at any time the Director of Corrections is of the opinion that a person committed pursuant to Article 3 of this chapter while in out-patient status has abstained from the use of narcotics for at least three consecutive years and has otherwise complied with the conditions of his release, he shall recommend to the Narcotic Addict Evaluation Authority that such person be discharged from the program. If the authority concurs in the opinion of the director, it shall discharge such person from the program.

If at any time the director is of the opinion that a person committed pursuant to Article 2 of this chapter while in outpatient status has abstained from the use of narcotics for at least three consecutive years and has otherwise complied with the conditions of his release, he shall so advise the Narcotic Addict Evaluation Authority, and if the authority concurs in the opinion of the director it may file with the superior court of the county in which the person was committed a certificate alleging such facts and recommending to the court the discharge of the person from the program. The authority shall serve a copy of such certificate upon the district attorney of the county. Upon the filing of such certificate, the court shall discharge the person from the program and may dismiss the criminal charges of which such person was convicted. Where such person was certified to the superior court from a municipal or justice court, the person shall be returned to such court, which may dismiss the original charges. In any case where the criminal charges are not dismissed and the person is sentenced thereon, time served while under commitment pursuant to Article 2 of this chapter shall be credited on such sentence. Such dismissal shall have the same force and effect as a dismissal under Section 1203.4 of the Penal Code, except the conviction is a prior conviction for purposes of Division 10 of the Health and Safety Code."
"§ 3201. Expiration of seven years; discharge; extension of commitment

If a person committed pursuant to this chapter has not been discharged from the program prior to expiration of seven years, the Director of Corrections shall,

on the expiration of such period, return him to the court from which he was committed, which court shall discharge him from the program and order him returned to the court in which criminal proceedings were adjourned, or the imposition of sentence suspended, prior to his commitment or certification to the superior court; or, if he was committed pursuant to Article 3, shall discharge him. If however, it appears to the director that such person gives promise that, if his time on the program were extended, he could complete three consecutive years of abstinence from narcotics, the director shall return him to the court from which he was committed, with the recommendation that an extension not to exceed three years be ordered. The court may order such extension. If it declines to do so, it shall, if the person was committed pursuant to Article 3, discharge him, or, if he was committed pursuant to Article 2, return the person to the court in which criminal proceedings were adjourned, or the imposition of sentence suspended, prior to his commitment or certification to the superior court.

If an extension of the commitment is ordered pursuant to the preceding provisions of this section, the person must be returned to the court and discharged from the program on or before the expiration of 10 years from the date of the original commitment.

Any other provision of this chapter notwithstanding, in any case in which a person was committed pursuant to Article 3 as a result of such person's having requested the district attorney to file a petition for his commitment, such person must be discharged no later than two years and six months after his commitment.

No person committed pursuant to Chapter 11 (commencing with Section 6399) of Title 7 of Part 3 of the Penal Code, before the effective date of the 1963 amendments thereto shall be subject to the program for any longer period than the term of his commitment under the law as it read at the time he was committed.

Nothing in this chapter shall preclude a person who has been discharged from the program from being recommitted under the program, irrespective of the periods of time of any previous commitments."

of deferring sentence on a criminal conviction in order to provide the defendant with immediate treatment. People v. Plaehn, 237 Cal.App.2d 398, 35 Cal.Rptr. 872 (1965). The *Plaehn* case held that delay in sentencing occasioned by commitment under Penal Code, § 6451 (now Welf. & Inst. Code, § 3051) was not violative of Penal Code, § 1191, which provides that sentence must be pronounced 21 days after conviction in a criminal case.

3. *Petitioner's Commitment for Narcotic Addiction Followed by Imprisonment on his Guilty Plea and Narcotic Conviction is Not Unconstitutional Double Punishment.*

Petitioner contends that his commitment for narcotic addiction was a criminal sentence, and thus the subsequent sentence by the Los Angeles County Superior Court constituted a double punishment for the same offense. The California Supreme Court has consistently held that no penal sanctions are involved in such a commitment for narcotics addiction. In People v. Reynoso, 64 Cal.2d 432, 50 Cal.Rptr. 468, 412 P.2d 812 (1966), the court stated:

"Commitment under article 2 of the act governing commitment and corrective treatment of narcotics addicts does not imprison the subject, is not a punishment for crime, is not penal confinement, and the act is not a penal statute. Such commitment constitutes compulsory treatment of the addict as a sick person."

\* \* \* \* \* \*

"A defendant in a criminal case has not suffered double jeopardy or double punishment who has first been committed under section 6451, Penal Code, to the California Rehabilitation Center and later sentenced to prison in the criminal proceedings that had been suspended." (64 Cal.2d at p. 435, 50 Cal.Rptr. at p. 470, 412 P.2d at p. 814)

The *Reynoso* case affirmed the earlier landmark California case which construed and analyzed the validity of the abovementioned California statutes. In Re DeLaO, 59 Cal.2d 128, 28 Cal.Rptr. 489, 378 P.2d 793, 98 A.L.R.2d 705 (1963).

Should commitment pursuant to Welf. & Inst. Code, § 3051 be considered penal in nature, it is clear that the doctrine of Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) would require that the statute be declared unconstitutional. This Court is satisfied that the statutes in question are not unconstitutional on the ground that they permit double punishment.

4. *Petitioner's Commitment and Imprisonment Under the Abovementioned Statutes Does Not Constitute Cruel and Unusual Punishment.*

Petitioner's contention that his commitment and confinement constituted cruel and unusual punishment is without merit. This contention was considered and discarded In Re DeLaO, 59 Cal.2d 128, 28 Cal.Rptr. 489, 378 P.2d 793 (1963), as evidenced by the following statement:

"Mindful, however, of our duty to uphold every legislative enactment unless it is in any event palpably obnoxious to the Constitution, we are of the opinion that the demonstrably civil purpose, mechanism, and operation of the program outweigh its external 'criminal' indicia, and hence that petitioner's commitment and confinement thereunder do not constitute cruel and unusual punishment \* \* \*." (59 Cal.2d at 149–150, 28 Cal.Rptr. at 503, 378 P.2d at 807).

While petitioner's confinement is involuntary, it is devoid of penal characteristics. Although the treatment may be unwanted by the petitioner, it has been provided by the Legislature as a benefit to the petitioner and to society. Application of DeLaO, 223 F.Supp. 353 (S.D.Cal.1963)

For the foregoing reasons, and it appearing that an evidentiary hearing is not

required, this Court finds that petitioner is not entitled to relief.

Therefore, it is hereby ordered that the petition for writ of habeas corpus be, and the same is denied.