[Crim. No. 33720. Second Dist., Div. Two. May 29, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
RALPH JOSEPH LARA, Defendant and Appellant.

**COUNSEL**

Quin Denver, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, and Mary Ellen Baldridge, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Robert F. Katz and Stephen M. Kaufman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**FLEMING, J.—** ▮ Defendant appeals the judgment entered following his plea of guilty to robbery (Pen. Code, § 211). He contends: "Appellant's sentence was not validly enhanced pursuant to Penal Code section 667.5 because appellant did not serve a prior separate term in state prison based on these convictions."

The information alleged that appellant had suffered two prior convictions for second degree burglary and served prison terms for those offenses. Appellant first denied these allegations, then unsuccessfully moved to strike them. Upon entering his plea of guilty to the robbery, appellant admitted having sustained prior "convictions," but reserved the right to challenge the trial court's findings that they constituted "prior prison terms" within the meaning of Penal Code section 667.5.[1]

The record before us discloses that the prosecution and defense submitted the issue here tendered by agreeing that on March 28, 1975, and again on December 18, 1975, it had been determined in some undefined manner that appellant was guilty of second degree burglary. Apparently in neither instance was a true judgment of conviction, i.e., a sentence, imposed and certainly none was executed. Rather on January 8, 1976, in one jointly conducted hearing it was determined that appellant was addicted, or in imminent danger of becoming addicted, to narcotics. Consequently in each criminal action proceedings were suspended pursuant to Welfare and Institutions Code section 3051 and appellant committed indefinitely to the California Rehabilitation Center (C.R.C.) for treatment. The present offense was committed while he was an outpatient on that program. (Welf. & Inst. Code, § 3051.)

Despite the fact that no formal judgment had been entered in appellant's earlier prosecutions, if his cases had involved narcotics he would have been deemed to have sustained at least one prior "conviction" (see *People* v. *Diaz* (1966) 245 Cal.App.2d 74, 77, fn. 1 [53 Cal.Rptr. 666]) for purposes of aggravating his punishment under former section 11500 of the Health and Safety Code. (*People* v. *Sanchez* (1969) 2 Cal.App.3d 467, 478-479 [82 Cal.Rptr. 582] and cases cited therein.) The issue now before us, therefore, is whether or not appellant is subject to having his present sentence enhanced under the provisions of Penal Code section 667.5, enacted in 1976 as part of our determinate sentence law. This section treats with the *service* of prior *prison terms* rather than the sustaining of prior *convictions.*

Respondent urges we should construe subdivision (h) of section 667.5 to permit such enhancement despite the fact that it expressly refers to

---

[1]Appellant was sentenced to the middle base term of three years for robbery. His sentence was enhanced by only one year by reason of his alleged prior "convictions" on the thought that his simultaneous commitment to the California Rehabilitation Center in connection with both these prior proceedings constituted the "service" of but one "prison term."

confinement imposed *"as punishment* for commission of an offense."[2] (Italics added.) This we cannot do. As emphasized by the Supreme Court in *People* v. *Myers* (1972) 6 Cal.3d 811, 816-817 [100 Cal.Rptr. 612, 494 P.2d 684]: " '. . . Whether any particular rule of criminal practice should be applied in a narcotics addict commitment proceeding depends, rather, "upon consideration of the relationship of the policy underlying the rule to the proceeding." . . . ' [Citation.] [¶] The policy which underlies the whole of the commitment program is set forth in Welfare and Institutions Code section 3000: 'It is the intent of the Legislature that persons addicted to narcotics, or who by reason of repeated use of narcotics are in imminent danger of becoming addicted, shall be *treated for such condition* and its underlying causes, and that such treatment shall be carried out *for nonpunitive purposes* not only for the protection of the addict, or person in imminent danger of addiction, against himself, but also for the prevention of contamination of others and the protection of the public. . . . It is the further intent of the Legislature that persons committed to this program who show signs of progress after an initial or subsequent periods of treatment and observation be given reasonable opportunities to demonstrate ability to abstain from the use of narcotics under close supervision in outpatient status. . . .' (Italics added.) [¶] . . . . [¶] The rehabilitation, as appears from the legislative declaration of policy, is to be carried out for nonpunitive purposes. It could not be otherwise since 'punishment of a narcotics addict who has been *civilly* committed for treatment would constitute a violation of the Fourteenth Amendment. [Citations.]' " (See also *People* v. *Reynoso* (1966) 64 Cal.2d 432, 435 [50 Cal.Rptr. 468, 412 P.2d 812]; *People* v. *Gray* (1977) 72 Cal.App.3d 18, 20-23 [139 Cal.Rptr. 805].)

■ While conceding that our interpretation of this ambiguous legislative pronouncement is not free from doubt, "[i]t is the policy of this state to construe a penal statute as favorably to the defendant as its language

---

[2]Penal Code section 667.5, subdivision (h): "Serving a prison term includes any confinement time in any state prison or federal penal institution as punishment for commission of an offense, including confinement in a hospital or other institution or facility credited as service of prison time in the jurisdiction of such confinement."

We note that as respondent correctly points out, in the event a person committed to C.R.C. should later fail in that program and be returned to the criminal courts where in renewed proceedings he is sentenced to state prison, his confinement time would then be credited against his ultimate felony sentence. (Pen. Code, § 2900.5, subd. (a).) However, this potential credit, even when realized, derives principally from our Legislature's salutary desire to effect parity between rich and poor for all forms of presentence custody without regard to the nature of the facility wherein that custody occurs or whether it is applied against a misdemeanor or a felony sentence. It is not equivalent to an instance

and the circumstances of its application may reasonably permit; just as in the case of a question of fact, the defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or the construction of language used in a statute. [Citation.]" (*Keeler* v. *Superior Court* (1970) 2 Cal.3d 619, 631 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420].)

■ Our conclusion in this respect is strengthened by the fact that when the Legislature wished to include a specific form of nonpunitive confinement within the scope of section 667.5 it knew how to do so, and did so expressly, i.e., subdivision (i) provides: "For the purposes of this section, a commitment to the State Department of Health as a mentally disordered sex offender following a conviction of a felony, which commitment exceeds one year in duration, shall be deemed a prior prison term."

Lastly, a contrary holding would permit the rather remarkable possibility that a man might arrive at a state prison for the first time in his life as a "two time loser" with an enhanced prison sentence.

The judgment is modified by striking the one-year enhancement imposed pursuant to Penal Code section 667.5, subdivision (b), and, as so modified, is affirmed.

Roth, P. J., and Compton, J., concurred.

---

wherein a felony prisoner may spend all, or some portion of, his sentence confined in a hospital or other facility rather than within the walls of a prison proper.