[Crim. No. 7413.   In Bank.   Jan. 14, 1964.]

In re GEORGE JOSEPH TRUMMER on Habeas Corpus.

Lynn Carman and Kingston & Carman for Petitioner.

Stanley Mosk, Attorney General, and Doris H. Maier, Assistant Attorney General, for Respondents.

SCHAUER, J.—This matter is before us on an order to show cause issued upon an application for writ of habeas corpus filed on behalf of George Joseph Trummer (hereinafter referred to as petitioner) who is presently on parole from the California Rehabilitation Center under an order for commitment as a narcotics addict entered by the superior court pursuant to article 2, chapter 11, title 7, of part III of the Penal Code (in particular, § 6451, which deals with commitment to that facility of a person convicted of "any crime in any superior court").

Petitioner first contends that chapter 11, title 7, part III, of the Penal Code is unconstitutional because (a) it imposes criminal penalties for an illness—narcotics addiction—and (b) it commits petitioner to the custody of the chief penal officer of the state. These and similar contentions were considered in *In re De La O* (1963) 59 Cal.2d 128, 137 [1] - 148 [11] [28 Cal.Rptr. 489, 378 P.2d 793], where, for the reasons set forth in our opinion in that case, they were rejected as being without merit.

Petitioner also contends that he should be released from parole because he is no longer addicted to narcotics, and the state may not detain a civilly committed addict after he has

been "cured." As will hereinafter be explained, this contention is without merit.

More serious, however, are petitioner's further contentions that his parole conditions are unreasonable because they are the same as those which are imposed in the case of felony paroles,[1] and that his constitutional rights under the equal protection clause of the Fourteenth Amendment have been violated because he was denied a jury trial in his commitment proceedings while a jury trial is provided for persons committed to the same program under different statutes.[2] We have concluded that these last two contentions are meritorious, but, although petitioner is entitled to a jury trial on the issue of his addiction as of the time of his commitment and to modification of his conditions of parole, he is not presently entitled to release from parole.

Petitioner was committed in the following manner: On August 31, 1961, he appeared in superior court and pleaded guilty to an information charging forgery of a narcotics prescription in violation of Health and Safety Code section 11715. Violation of this section may be a felony or a misdemeanor, depending on the sentence, if any, imposed. Unless a misdemeanor sentence is entered the offense provisionally stands as a felony, but nevertheless if probation is granted without pronouncement of sentence the probationer retains his ordinary civil rights. (*People* v. *Banks* (1959) 53 Cal.2d 370, 386-387 [17] [1 Cal.Rptr. 669, 348 P.2d 102].) After receiving petitioner's plea of guilty, the court suspended the criminal proceedings without entry of judgment and directed the sheriff to file a petition to ascertain whether or not petitioner was a narcotics addict within the meaning of Penal Code section 6451. A hearing was held as provided for by the latter statute, and petitioner was adjudged a narcotics addict and duly committed to the custody of the Director of Corrections. After 10 months of treatment petitioner was paroled from the California Rehabilitation Center. This is his status at the present time.

*Release from Parole*: Petitioner contends that he is

---

[1] At the outset it is to be observed that the People now concede the impropriety of the provision in petitioner's parole agreement (clause 12) which purports to deprive him of his civil rights.

[2] Subsequent to petitioner's commitment, the Legislature amended the applicable statutes to allow *any* person committed under this program to demand a jury trial on the issue of addiction. (Stats. 1963, ch. 1706, §§ 7, 8.)

entitled to immediate release from his parole[3] because he is no longer addicted to narcotics, and that the state may not detain him after he has been cured. This contention might have merit if the only objective of the program were to obtain a temporary "cure" of addiction. ■ However, the purpose is not only to treat and "cure" addicts, it is also to rehabilitate them. (Pen. Code, § 6400.) Experience with past programs of this nature has shown that a lack of followup supervision results in a high rate of relapse. (Final Report of the Special Study Commission on Narcotics (1961), pp. 22-23; Winick, *Narcotics Addiction and Its Treatment* (1957) 22 Law & Contemp. Prob. 9, 23-24.) The present "parole" (outpatient) system is designed to overcome this defect by providing the necessary followup through counseling, testing for narcotic use, and immediate return for further treatment if a relapse should occur. As pointed out in *In re De La O* (1963) *supra,* 59 Cal.2d 128, 145 [10], "These rules appear to be designed to meet the particular needs of an addict in the later stages of the process of rehabilitation."

■ Thus, although petitioner currently may give every appearance of being "cured" of his addiction, it is within the constitutional power of the Legislature to require that a person once committed as a narcotics addict remain under supervision for a period sufficient to give reasonable assurance against relapse. The time during which a relapse could occur cannot be determined precisely, and we cannot state that the three-year minimum period of parole (in effect and now designated, out-patient status) here established by the Legislature is an unreasonable one.

■ *Conditions of Parole*: Petitioner rightfully contends that certain conditions of his parole are unreasonable and unlawful insofar as he is thereby deprived of his civil rights. Petitioner's Agreement of Parole provides in part: "12. Civil Rights: Your civil rights have been suspended by law. You may not marry, engage in business, nor sign certain contracts unless your Parole Agent recommends, and the Adult Authority approves restoring such Civil Rights to you. There are some Civil Rights affecting your everyday life

---

[3]We note that recent amendments to the relevant statutes have modified the term "parole" to "outpatient status," and have created within the Youth and Adult Correction Agency a new board, denominated the Narcotic Addict Evaluation Authority, to administer designated phases of the program. (Pen. Code, §§ 6515-6517, as added by Stats. 1963, ch. 1706, § 11.)

which the Adult Authority has restored to you. BUT, you may not exercise these without first getting written approval from your Parole Agent. You should talk to your Parole Agent about your Civil Rights to be sure you do not violate this condition of your parole.'' The Attorney General acknowledges that petitioner's Agreement of Parole contains exactly the same conditions as the agreement used in the parole of a felon. As the Attorney General further concedes, the purported deprivation of petitioner's civil rights is improper. Although the Adult Authority may restrict the civil rights restored to a paroled felon (as provided in Pen. Code, § 2600) petitioner is not under sentence as a felon and hence cannot be deprived of such rights. (*People* v. *Banks* (1959) *supra*, 53 Cal.2d 370, 386-387 [14, 15, 16, 17].) Furthermore, deprivation of his civil rights in the circumstances here would be a form of punishing petitioner, and such punishment of a narcotics addict who has been *civilly* committed for treatment would constitute a violation of the Fourteenth Amendment. (*Robinson* v. *State of California* (1961) 370 U.S. 660, 666-667 [82 S.Ct. 1417, 8 L.Ed.2d 758, 762-763]; *In re De La O* (1963) *supra,* 59 Cal.2d 128, 136.)[4] The remaining conditions of petitioner's parole agreement appear to be reasonably supportable as necessary for adequate supervision over his rehabilitation.

*Right to Trial by Jury*: In *In re De La O* (1963) *supra,* 59 Cal.2d 128, 150 [14], we pointed out that ''The commitment procedures set up by the subject statute [here, Pen. Code, § 6451] are in the nature of special civil proceedings unknown to the common law, and hence there is no right to jury trial unless it is given by the statute.'' Petitioner claims, however, that by affording a jury trial on the issue of addiction to certain categories of persons committed while denying it to others, the program violates the equal protection clause of the Fourteenth Amendment.

---

[4] We note in this connection that Penal Code section 6516 (added by Stats. 1963, ch. 1706, § 11) provides in relevant part: ''Except as may be provided in the conditions adopted for persons in outpatient status or for any such person in particular, such persons are not subject to the provisions of Penal Code section 2600.'' To the extent that the just quoted language purports to authorize the Narcotic Addict Evaluation Authority to conditionally suspend an outpatient's civil rights under Penal Code section 2600, such implication should hereafter be viewed in the light of this opinion. Section 2600 becomes operative only when a sentence of imprisonment in a state prison has been entered. (See *People* v. *Banks* (1959) 53 Cal.2d 370, 385-386 [12, 13, 14] [1 Cal.Rptr. 669, 348 P.2d 102].)

This contention is meritorious. Recently, the Legislature sought to further clarify its purpose in establishing the program by declaring in Penal Code section 6399 that "It is the intent of the Legislature that persons addicted to narcotics, or who by reason of repeated use of narcotics are in imminent danger of becoming addicted, shall be treated for such condition and its underlying causes, and that such treatment shall be carried out for nonpunitive purposes not only for the protection of the addict, or person in imminent danger of addiction, against himself, but also for the prevention of contamination of others and the protection of the public. ... The enactment of the preceding provisions of this section shall not be construed to be evidence that the intent of the Legislature was otherwise before such enactment." (Stats. 1963, ch. 1706, § 1.) This declaration is consistent with earlier declarations of legislative purpose (Pen. Code, § 6400) and with our interpretation of such declarations *(In re De La O* (1963) *supra,* 59 Cal.2d 128, 148-149 [12]).

The Legislature has implemented its purpose by extending the opportunity for treatment to everyone who needs it; there is a provision for voluntary commitment (Pen. Code, § 6500), as well as the above discussed provisions for involuntary commitment. Thus, no matter which method of commitment is used, the purpose of the program is the same; and except for possible variations in length of commitment, the program is so designed that all persons will receive the same treatment. Yet, despite this uniformity of purpose and treatment, at the time of petitioner's commitment a difference existed among the procedural safeguards governing the various types of commitments. Under Penal Code section 6450 a person convicted of any crime in a municipal or justice court may be certified to the superior court, where after hearing and examination, the judge may commit such person to the program. However, "If a person committed pursuant to this section, after conviction of a misdemeanor other than a violation of section 11721 of the Health and Safety Code,[5] is dissatisfied with the order of the court, he may demand a

---

[5]In *In re De La O* (1963) *supra,* 59 Cal.2d 128, 150 [14] - 153 [15], we held that former Penal Code section 6450 did not violate the equal protection clause (U.S. Const., 14th Amend.; Cal. Const., art. I, § 11) in exempting persons convicted of misdemeanor violations of Health and Safety Code section 11721 from the privilege of having a jury trial on the issue of their addiction. As pointed out in footnote 2, *ante,* the Legislature now provides for jury trials in such cases as well.

hearing by a judge or jury. . . .'' (Former Pen. Code, § 6450.) Petitioner was committed under Penal Code section 6451, which at that time provided no corresponding right to a jury trial on the issue of addiction. Thus, at the time of petitioner's commitment (with one exception), a person convicted of any crime in the municipal or justice court was granted the safeguard of a jury trial on the issue of addiction, while a person convicted of any crime in a superior court was denied the same safeguard. And this incongruity was accentuated by the further fact that if a person had voluntarily committed himself to the program he could have demanded a jury trial, or any friend could have done so in his behalf. (Pen. Code, § 6508.) It follows that there were no reasonable grounds for distinguishing in the sense here pertinent between persons committed under Penal Code section 6450 and those committed under section 6451, and that it was a violation of the equal protection clause to deny to the latter the opportunity to demand a jury trial on the issue of their addiction.

■ The question then becomes one of determining the proper means of redress. Unlike most cases where a violation of the equal protection clause has taken place, here the law need not be invalidated nor must petitioner be discharged from custody; his status, it will be remembered, if the rehabilitation program is invalidated, would revert to that of a convicted felon awaiting sentence. Petitioner need only be accorded a jury trial on the addiction issue if he so desires.

Ordinarily in cases where a substantive right is involved and equal protection has been denied because the Legislature has made an unreasonable classification, the entire statute has been invalidated. (See, e.g., *Katzev* v. *County of Los Angeles* (1959) 52 Cal.2d 360, 369 [8] [341 P.2d 310].) In such cases we cannot presume to rewrite the law to make the classification a valid one. It is exclusively within the province of the Legislature to choose the proper classification, and the court's only duty is to strike down the invalid law and establish a framework within which the Legislature may exercise its discretion. In the case at bench, however, since petitioner's commitment the Legislature has amended the statute to accord all persons committed under this program the right to have the issue of their addiction determined by a jury if they so desire. Hence the Legislature has clearly indicated that it would rather grant petitioner a jury trial than invalidate the statute as a whole.

In any event, petitioner is not entitled to be discharged. His original commitment proceedings were valid; a jury trial is not a mandatory step in such proceedings, but must be requested. Petitioner's rights are equal only to those of an individual committed under Penal Code section 6450, which provides in material part: "If a person committed pursuant to this section ... is dissatisfied with the order of the court, he may demand a hearing by a ... jury." In this respect petitioner's right to a jury trial is analogous to the right to appeal from an order of commitment recognized in *In re De La O* (1963) *supra,* 59 Cal.2d 128, 156 [20]. In each case the initial commitment was valid, but the postcommitment procedures were incomplete. We granted De La O the right to file a timely appeal if he so desired; here petitioner's remedy should likewise be the right to demand that a jury try the issue of his addiction *as of the time of his commitment,* if he so desires.

█ Petitioner also complains that he is required to register "as a convicted narcotics addict in whatever county he may be in." Inasmuch as Penal Code section 6510 specifically exempts civilly committed addicts such as petitioner from the necessity to so register, it is clear that any such registration requirement (i.e., under Health & Saf. Code, §§ 11850 et seq.) would be improper.

Petitioner's remaining contentions, as well as his objections to evidence, motion to strike, and motion to appoint a referee, have been considered and are dismissed as being without merit.

For the reasons stated, it is ordered that (1) clause 12 be deleted from petitioner's parole agreement; (2) petitioner's name be expunged from any register maintained under Health and Safety Code section 11850; and (3) petitioner be granted the opportunity to demand, and upon proper showing receive, a jury trial on the issue of his narcotic addiction as of the time of his commitment; however, petitioner is not entitled to be released from parole (or outpatient status) at this time, hence the order to show cause is discharged and the petition for habeas corpus is denied.

Gibson, C. J., Traynor, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.