[Crim. No. 4867.   First Dist., Div. Three.   Oct. 4, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. RICHARD EDWARD PLAEHN, Defendant and Appellant.

Gary E. Merritt, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., and Paul N. Halvonik, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Defendant pleaded guilty to a charge of burglary. The criminal proceeding was suspended, he was found to be a narcotics addict, and was committed to the California Rehabilitation Center April 12, 1962. On his assertion of defects in that commitment, writ of habeas corpus issued August 11, 1964, discharging him from the rehabilitation center and directing his return to the committing court for further proceedings in the criminal case. He was then sentenced to prison on the burglary charge, and appeals from the judgment.

Defendant points to statutes limiting time after conviction within which judgment must be pronounced (Pen. Code, § 1191), and providing for new trial if rendition of judgment be longer delayed (Pen. Code, § 1202). Unquestionably, the two and one-half years from guilty plea to judgment exceeds the time by which the basic 21-day period of section 1191 can normally be extended. The specific exceptions of that section for time required for determination of sanity or for report from a diagnostic facility are not applicable here.

Nonetheless, we are satisfied that section 1191 does not aid defendant. That section was last amended in 1957. It was not until 1961 that the procedure for rehabilitation of narcotics addicts (Pen. Code, § 6400 et seq.) was adopted. The rehabilitation statute directs suspension of imposition of sentence on the criminal charge during proceedings for rehabilitation commitment, and resumption of the criminal proceedings if the defendant is found not to be an addict (Pen. Code, §§ 6450, 6451). A defendant who is committed to the rehabilitation program, but found after 60 days there not to be a fit subject, is to be returned for further proceedings in the criminal case (Pen. Code, § 6453). If he remains in the rehabilitation program more than 3 years, he may be recommended for discharge from that program, but still must be

returned to the original court, and even then may be sentenced there on the original criminal charge (Pen. Code, § 6520). Obviously, rigid application of the 21-day limitation of section 1191 would defeat all these provisions. The cited sections of the rehabilitation act do not specifically refer to section 1191, but reason dictates that they must be deemed to modify that earlier enactment.

Defendant contends, however, that his release from the rehabilitation program on habeas corpus establishes that his commitment to it was wholly void. Thus, he says, no reference to statutes governing that program is permissible. We disagree. His plea of guilty gave the superior court power and authority to suspend imposition of sentence and to commit him to the program. The record of the habeas corpus proceeding (4 Crim. No. 2073) shows that the writ issued only because of procedural defects in the commitment, which do not invalidate the order of suspension.

Some support is lent to this view by two habeas corpus decisions (*In re Jones*, 61 Cal.2d 325 [38 Cal.Rptr. 509, 392 P.2d 269]; *In re Trummer*, 60 Cal.2d 658 [36 Cal.Rptr. 281, 388 P.2d 177]), dealing with procedural defects in narcotics commitment proceedings. Although each commitment had continued for a period well in excess of 21 days, neither opinion refers to section 1191. But *Trummer* notes that if the rehabilitation proceeding were invalidated, petitioner's status "would revert to that of a convicted felon awaiting sentence" (60 Cal.2d at p. 664); and *Jones* remands petitioner to the superior court with the statement that "penal proceedings . . . are still pending" in that court (61 Cal.2d at pp. 330-331).

Even if section 1191 did apply, it would not benefit defendant. Failure to pronounce judgment within the time limited by that section is not jurisdictional. Under article VI, section 4½ of our Constitution, this procedural error does not require new trial or reversal unless the delay results in a miscarriage of justice (*People* v. *Williams*, 24 Cal.2d 848, 850 [151 P.2d 244]; *People* v. *French*, 12 Cal.2d 720, 773-774 [87 P.2d 1014]). Defendant claims prejudice because completion of his sentence and his eligibility for parole assertedly have been delayed by his commitment to the rehabilitation center. But the Adult Authority has credited on defendant's sentence his full time under that commitment, including time in outpatient status. Promptly upon his arrival at the prison, his case was set for hearing before the authority at the earliest available date. Thus he has suffered no preju-

dice by his detention in the rehabilitation center, and is not entitled to a new trial.

Contrary to his contention, the record shows no reason for the trial court, at time of his plea of guilty, to entertain any doubt as to his sanity.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 1, 1965.