Crim. No. 10237. Second Dist., Div. Two. Nov. 30, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. RICARDO SALAZAR, Defendant and Appellant.

Charles A. Gessler, under appointment by the District Court of Appeal, and Goldman & Gessler for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas Kerrigan, Deputy Attorney General, for Plaintiff and Respondent.

FLEMING, J.—Ricardo Salazar pleaded guilty to a charge of possessing heroin (Health & Saf. Code, § 11500). The trial court decided Salazar was addicted or in danger of becoming addicted to narcotics and ordered a hearing under Welfare and Institutions Code, section 3051 (formerly Pen. Code, § 6451). The criminal proceedings were adjourned, a hearing was held, and on May 1, 1963, Salazar was committed to a narcotics rehabilitation center. On July 1, 1964, Salazar obtained a writ of habeas corpus and was discharged from the center. He was returned to the criminal court, the adjourned proceedings were reopened, and he was sentenced to state prison. He appeals, contending the court did not have jurisdiction to sentence him to prison until after a valid hearing on his fitness for commitment to a narcotics rehabilitation center had been held under Welfare and Institutions Code, section 3051.

The procedure for civil commitment implements a program of compulsory treatment and rehabilitation for narcotics addicts. (Welf. & Inst. Code, §§ 3000, 3001 (formerly Pen. Code, §§ 6399, 6400); *In re De La O,* 59 Cal.2d 128, 148-149 [28 Cal.Rptr. 489, 378 P.2d 793], cert. den. 374 U.S. 856 [83 S.Ct. 1927, 10 L.Ed.2d 1076].) If the trial court finds the defendant is a narcotics addict or in danger of becoming one, and the court also finds the defendant is a fit subject for commitment to a narcotics rehabilitation center, then it must adjourn the criminal proceedings until a hearing has been held on the issue of addiction, using the procedure established for the determination of mental illness. (Welf. & Inst. Code, §§ 3051, 5353, 5053-5055; *People v. Ortiz,* 61 Cal.2d 249, 254-255 [37 Cal.Rptr. 891, 391 P.2d 163]; *People v. Wallace,* 59 Cal.2d 548, 553 [30 Cal.Rptr. 449, 381 P.2d 185].) If the defendant is found to be a narcotics addict, or in imminent danger of becoming one, he may be committed to a rehabilitation center. (Welf. & Inst. Code, § 3051.) Upon discharge from the center, the criminal proceedings are reopened. At that time the court may dismiss the criminal charges, or it may sentence the defendant with credit for time spent in the center. (Welf. & Inst. Code, §§ 3053, 3200, 3201 (formerly Pen. Code, §§ 6453, 6520, 6521).)

 Salazar contends the writ of habeas corpus invalidated his civil commitment hearing and he was entitled to another hearing on the issue of his fitness for civil commitment before he could be sentenced to prison.

Respondent contends the trial court possessed the same dis-

cretion it had when Salazar first came before it: the trial court could sentence him on his guilty plea, or it could adjourn the proceedings and order a hearing on the question of addiction. (Welf. & Inst. Code, § 3051; *People* v. *Ortiz*, 61 Cal.2d 249, 254-255 [37 Cal.Rptr. 891, 391 P.2d 163].) The sentence to prison, argues respondent, was within the discretion of the trial court, because in view of the supplemental probation report, fourteen months' treatment, and the defendant's record, the trial court could have properly concluded that Salazar was not a fit subject for commitment to a narcotics rehabilitation center. (Welf. & Inst. Code, § 3051; *People* v. *Ibarra*, 60 Cal.2d 460, 466-467 [34 Cal.Rptr. 863, 386 P.2d 487].)

We reach the same conclusion as respondent but by a different route. The habeas corpus writ is not before us and the record does not disclose the specific grounds for its issue (Pen. Code, § 1487). We cannot presume the writ declared the commitment hearing itself void, for other procedural errors may have invalidated the commitment order. (Cf. *In re Raner*, 59 Cal.2d 635 [30 Cal.Rptr. 814, 381 P.2d 638]; *In re Rodriguez*, 60 Cal.2d 822 [36 Cal.Rptr. 609, 388 P.2d 881].) But in any event, we see no reason to treat a discharge from the rehabilitation program under a writ of habeas corpus differently from a discharge under the statutory provisions. (Welf. & Inst. Code, §§ 3053, 3200, 3201.) In either case, the patient is returned to the criminal court, and the adjourned criminal proceedings are reinstated. (Pen. Code, § 1493; Welf. & Inst. Code, §§ 3053, 3200, 3201; *In re Trummer*, 60 Cal.2d 658, 664 [36 Cal.Rptr. 281, 388 P.2d 177]; *In re De La O*, 59 Cal.2d 128, 145 [28 Cal.Rptr. 489, 378 P.2d 793], cert. den. 374 U.S. 856 [83 S.Ct. 1927, 10 L.Ed.2d 1076].) At that time the trial court may dismiss the criminal charges, or it may sentence the defendant on his original plea. (Welf. & Inst. Code, §§ 3053, 3200.) ▮ In exercising its discretion to dismiss, to sentence, or to reinstate civil commitment proceedings, the trial court could consider the recommendations of the Director of Corrections and the Narcotic Addict Evaluation Authority, the supplemental probation report, and the circumstances of the original offense. (Welf. & Inst. Code, § 3200.)

▮ Salazar's treatment had continued for fourteen months, and the supplemental probation report indicated he had not been rehabilitated. The decision to sentence him on his guilty plea was within the discretion of the trial court under section 3200, and the court in so doing exercised a

discretion paralleling that it possessed under section 3051. (*People* v. *Ibarra,* 60 Cal.2d 460, 466-467 [34 Cal.Rptr. 863, 386 P.2d 487] ; *People* v. *Ortiz,* 61 Cal.2d 249, 254-255 [37 Cal.Rptr. 891, 391 P.2d 163] ; *People* v. *Plaehn,* 237 Cal.App. 2d 398 [46 Cal.Rptr. 872].)

The judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.