[Civ. No. 29721. Second Dist., Div. Two. May 31, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. EDDIE JOHNSON, JR., Defendant and Appellant.

Brody, Grayson & Green and Joseph T. Vodnoy for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Stanton Price, Deputy Attorney General, for Plaintiff and Respondent.

ROTH, P. J.—Appellant was convicted for driving while under the influence of a narcotic (violation of Veh. Code, § 23105). Criminal proceedings were adjourned, a petition was filed pursuant to Penal Code, section 6451 (now Welf. & Inst. Code, § 3051), and the proceedings were transferred to department 95 of the superior court to determine whether appellant was either a narcotic addict or in imminent danger of becoming addicted to narcotics.

Two doctors were appointed in accordance with the applicable sections of the Welfare and Institutions Code to examine appellant and report to the court. On March 9, 1965, following a hearing, the court found appellant to be ". . . a drug addict within the meaning of Section 6451 Penal Code" and committed appellant to the custody of the Director of Corrections at the California Rehabilitation Center at Corona.

The hearing of March 9 was unopposed. As stated in *People v. Bruce,* 64 Cal.2d 55, at p. 59 [48 Cal.Rptr. 719, 409 P.2d 943] : "In the vast majority of cases dealing with mentally ill persons, as well as with narcotic addicts, such petitions are unopposed, and the proceedings tend to be summary in nature. For this reason the Legislature has afforded a person who is committed under such sections the right to demand a trial de novo by jury or judge on the issue as to whether or not he should be committed. (Welf. & Inst. Code, §§ 3050, 3051, 3108.) Any such hearings are required to be held in substantial compliance with the provisions of section 5125 of the Welfare and Institutions Code."

After he had been found an addict by the court, appellant requested a jury trial. Such a trial was had on May 5, 1965, and on May 6 the jury, on evidence that appellant was dependent on heroin, found him to be "a narcotic drug addict or by reason of repeated use of narcotics is in imminent danger of becoming a narcotic drug addict."

The evidence was conflicting but is unquestionably substantial enough to sustain a verdict of the jury.

▮ Appellant urges, among other errors, that the jury was not properly instructed on the meaning of the terms "addiction" and "imminent danger of addiction" and that the failure of the court to give such instruction on its own motion, was prejudicial error. We agree.

The only instruction on the subject of "addiction" and "imminent danger of addiction" was substantially as follows:

"The law of this State defines the term 'Narcotic Drug Addict' as follows:

"Any person whether adult or minor who is addicted to the unlawful use of any narcotic. Heroin is a narcotic."

In the instant case, as in *Bruce, supra,* the hearing before the trial court took place prior to a number of Supreme Court decisions which have laid down rules governing the determination of "addiction" for commitment purposes, and hence was conducted without the benefit of *Bruce* and other cases herein cited in framing adequate jury instructions to fit the proceedings. (See *People* v. *Bruce,* 64 Cal.2d 55 [48 Cal.Rptr. 719, 409 P.2d 943]; *People* v. *O'Neil,* 62 Cal.2d 748 [44 Cal. Rptr. 320, 401 P.2d 928]; *People* v. *Victor,* 62 Cal.2d 280 [42 Cal.Rptr. 199, 398 P.2d 391]; *In re Trummer,* 60 Cal.2d 658 [36 Cal.Rptr. 281, 388 P.2d 177]; *In re Raner,* 59 Cal.2d 635 [30 Cal.Rptr. 814, 381 P.2d 638].)

In *People* v. *Victor,* appellant was committed to a narcotic addict rehabilitation center after conviction (and sentencing) for violating Health and Safety Code, section 11555 (possession of narcotic paraphernalia). Among the challenges appellant made to the propriety of his commitment was the assertion that the statutory phrase "imminent danger of becoming addicted" is unconstitutionally vague. In concluding that the words "imminent danger" were sufficiently certain to withstand constitutional attack when given their "common meaning"—*i.e.* "ready to take place; near at hand; impending; hanging threatening over one's head; menacingly near" (Webster's New International Dictionary (3d ed., 1961) p. 1130), the court pointed out that the medical context of the use of these terms in the now Welfare and Institutions Code sections makes precise definition difficult.

 It is clear, however, that a distinction exists between "addicted" and "imminent danger of becoming addicted." It follows that the jury should be instructed on a framework within which to measure the forensic medical significance of this distinction. (See *People* v. *Piangenti,* 235 Cal.App.2d 850, 853-854 [45 Cal.Rptr. 538].)

In *People* v. *O'Neil, supra,* appellant was, as in the instant case, convicted of violation of Vehicle Code, section 23105. The supreme court reversed the conviction ". . . for a determination of whether the defendant is 'addicted' to the use of

narcotics as we have defined the term in *People* v. *Victor.*
. . .''

The court reemphasized the three characteristics of addiction which were expansively discussed in *Victor, supra,* at pp. 301-305. These characteristics are *emotional dependence* on drugs, increased *tolerance* to its effects, and *physical dependence* manifested by withdrawal symptoms on termination of drug intake. The court noted that:

''The prosecution need not prove that the individual was actually in a state of withdrawal while driving the vehicle. The prosecution's burden is to show (1) that the defendant has become 'emotionally dependent' on the drug in the sense that he experiences a compulsive need to continue its use, (2) that he has developed a 'tolerance' to its effects and hence requires larger and more potent doses, and (3) that he has become 'physically dependent' so as to suffer withdrawal symptoms if he is deprived of his dosage.'' (*People* v. *O'Neil, supra,* at p. 754.)

An examination of the above cases makes it clear that a single, generally phrased instruction on what constitutes ''addiction'' may not be adequate for all the medical and legal contexts in which the necessity for definition arises. For example: use of certain ''stimulant'' drugs such as amphetamines, or use of cocaine, may develop in the addict a form of tolerance, but no specific abstinence syndrome will result upon withdrawal. Physical dependence because of addiction to opiates, however, manifests itself by an abstinence syndrome upon withdrawal. (See *People* v. *Victor, supra,* at pp. 280, 304, fn. 17; *People* v. *O'Neil, supra,* at p. 754, and sources cited therein.)

Further, the court in *O'Neil* points out, in distinguishing medically between ''addiction'' and ''habituation'' (which medically does not involve the abstinence syndrome) that for purposes of violation of Vehicle Code, section 23105, the danger to public safety on the highways is ''principally the presence of the abstinence syndrome'' in the driver. Presumably, therefore, proof of addiction to drugs which produce such syndrome becomes more critical in cases where the use of the definition of ''addiction'' arises in a criminal prosecution for violation of traffic safety laws.

In the instant case, appellant was convicted of driving while under the influence of a narcotic. In the civil commitment proceedings which followed, and which are now before

us, the People attempted to show in a jury trial appellant's addiction to the opiate heroin.

It is clear from the record that the jury was not properly instructed in respect of "addiction" or "imminent danger of becoming an addict."

An instruction such as is formulated in No. 972, at page 201 of the 1967 Cumulative Pocket Part to CALJIC defining addict and the word "addicted" in the light of the recent cases herein cited, should have been given. In addition, a suitable instruction upon the meaning and application of the words "imminent danger of becoming an addict" should be formulated and given by the trial court as suggested by the pertinent decisions.[1]

The order of commitment is reversed.

Herndon, J., and Fleming, J., concurred.

---

[1]See *People* v. *Victor, supra,* at pp. 299, 302-304, 305; and *People* v. *O'Neil, supra,* at pp. 752, 755, 756, for the elements which should be included in a prototype instruction.