[Crim. No. 13345.   Second Dist., Div. One.   Aug. 30, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. EDWARD
WILLIAM CHACON, Defendant and Appellant.

Joseph Amato, under appointment by the Court of Appeal,
for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edward A. Hinz, Jr.,
and Robert J. Sullivan, Deputy Attorneys General, for Plain-
tiff and Respondent.

FOURT, J.—This is an appeal from a judgment "sustaining the petition filed by the District Attorney of Los Angeles pursuant to sect. 3100.6 of the Welfare and Institution [*sic*] Code for a civil committment [*sic*] to the Calif. Rehabilitation Center."

On October 17, 1966, an application was made for the admission of Edward William Chacon (appellant herein) to the Los Angeles County central jail infirmary pursuant to section 3100.6, Welfare and Institutions Code, as a person who was believed to be addicted to the use of narcotics or who was believed to be in imminent danger of being addicted to their use. This application was signed by D. L. Tipps, a member of the Los Angeles Police Department, Narcotics Division, and an expert in the field of narcotics. The officer set forth in the application, among other things, many good and sufficient reasons for believing Chacon was addicted to narcotics.

On October 19, 1966, Doctor F. E. Wetzel executed an affidavit setting forth that affiant examined and re-examined Chacon for the purpose of ascertaining whether Chacon was addicted to the use of narcotics or was in imminent danger of becoming addicted to their use. The doctor set forth numerous reasons why he was of the opinion that appellant was a narcotics addict, or by reason of repeated use of narcotics was in imminent danger of becoming addicted, and that unless confined Chacon was likely to injure himself or others or become a menace to the public. The doctor further stated in the affidavit that Chacon told him that he first used "heroin in July, 1966, following which he gradually increased his dosage to twice daily and three caps on the average per dose from just weekend usage initially and eventually was using four times daily."

On October 20, 1966, the District Attorney of the County of Los Angeles petitioned for the commitment of appellant as a narcotics drug addict pursuant to section 3100, Welfare and Institutions Code. On October 20, 1966, a judge of the superior court made an order of detention pursuant to section 3102, Welfare and Institutions Code. On October 20, 1966, there also was an order made by a judge of the court setting a hearing on said matter at 9 a.m. November 2, 1966, and an order directing Chacon to appear at the time and place of hearing. A copy of the order was served upon Chacon.

On November 2, 1966, a hearing was held. Chacon was

represented by counsel. The allegations of the petition were sustained. Chacon was found to be in imminent danger of becoming a narcotics addict and he was committed to the Department of Corrections for placement at the California Rehabilitation Center.

On November 9, 1966, Chacon through his counsel demanded a jury trial. On November 22, 1966, the matter came on for trial before a jury. Chacon was represented by the public defender. The jury unanimously found that Chacon by reason of repeated use of narcotics was in imminent danger of becoming a narcotics addict. The court found Chacon was in imminent danger of becoming a narcotics addict and ordered Chacon committed in accordance with the commitment heretofore made on November 2, 1966. A timely notice of appeal was filed.

A résumé of some of the facts is as follows: On the evening of October 17, 1966, Officers Miller and Rukasin were in a patrol car on routine patrol when they saw appellant driving erratically. The officers stopped appellant and asked for his driver's license; appellant did not have a license but presented a draft card as identification. The officers ran a "want" over the patrol car radio on appellant and on the car he was driving. While awaiting the results of the check, Officer Rukasin was preparing a citation for driving without a license. Officer Rukasin talked with Chacon and observed that he was unsteady, his eyes fixed and pinpointed and his speech slurred. Officer Rukasin took Chacon into custody and placed him in the police car. Chacon's arms were examined and there appeared to be several hypodermic needle marks, one of which was still bleeding.

At about 12:05 a.m. on October 18, 1966, Chacon was admitted to the Los Angeles County jail infirmary. On October 19, 1966, he was examined by Doctor F. E. Wetzel, who was of the opinion that Chacon was a narcotics user and was in the incipient state of withdrawal and that Chacon was in "imminent danger" of narcotics addiction.

During the examination by Doctor Wetzel, appellant admitted that he had used heroin since July 1966 and had increased his dosage to two to three caps, four times daily. Chacon told Doctor Wetzel that he would like to be transferred to the center for treatment.

Appellant now asserts that his arrest was without probable cause, and that the evidence was insufficient to support the commitment.

■ This is not a criminal case. The provisions of the law under which appellant was committed are civil in nature, purpose and effect. (See *In re De La O,* 59 Cal.2d 128, 145, 150 [28 Cal.Rptr. 489, 378 P.2d 793, 98 A.L.R.2d 705] ; *In re Trummer,* 60 Cal.2d 658, 661 [36 Cal.Rptr. 281, 388 P.2d 177] ; *People* v. *Victor,* 62 Cal.2d 280, 294 [42 Cal.Rptr. 199, 398 P.2d 391].) The proceedings are intended to provide treatment for the addict, not punishment. (*In re Castro,* 243 Cal.App.2d 402 [52 Cal.Rptr. 469].)

■ Being a civil case, the question of probable cause for the arrest of appellant is immaterial to the appeal, but in any event, and even assuming it to be a criminal proceeding, there was probable cause to make the arrest. (See *People* v. *Hill,* 249 Cal.App.2d 453 [57 Cal.Rptr 551].) The officer, an experienced narcotics division officer, recognized many of the symptoms of narcotics intoxication of Chacon when he placed him in the police car.

Chacon, at the time the officers stopped his car, and thereafter, was in the act of committing a crime. Any notice required under section 841, Penal Code, would necessarily become a meaningless ritual under the circumstances. In any event, there were sufficient reasons to place him in custody under Welfare and Institutions Code, section 3100.6.

The evidence was overwhelming to the effect that appellant was a drug addict or by reason of repeated use of narcotics was in imminent danger of becoming addicted. Doctor Wetzel testified in great detail at both the hearing and the jury trial that it was his expert opinion based on his clinical and laboratory findings that appellant was in imminent danger of becoming a narcotics addict.

Appellant testified that he had used heroin since July 1966, but, in effect, that he was never really addicted.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.