Croat, P. J.
Defendant was arrested on a charge of possessing narcotics. Upon arraignment, a physical examination of defendant was ordered pursuant to the provisions of article 9 of the Mental Hygiene Law. Defendant subsequently entered a plea of guilty and a hearing was held to determine whether or not he was an addict. After such hearing the court made a finding that the defendant was an addict and certified him to the care and custody of the Narcotic Addiction Control Commission. Defendant appeals from the judgment of conviction and raises issues which solely concern the sentence.
Initially, defendant urges that the evidence adduced at the hearing was insufficient as a matter of law to sustain the finding that he was an addict. In this connection, it is argued that in order to establish addiction there must be proof of physical dependence, tolerance and emotional dependence. While these three characteristics variously indicate mental and physical responses to the addiction process, the presence of all three is *352 not prerequisite to a finding that the defendant is an addict. (See People v. Victor, 62 Cal. 2d 280.)
In a footnote in the Victor case (supra), the court points out that the abuse of certain drugs, such as cocaine, will result in neither tolerance nor physical dependence, but that addiction to such drugs should be defined in terms of psychological dependence alone. Parenthetically, the law of California includes cocaine as a narcotic, addiction to which subjects a person to commitment as an addict (Welfare and Institutions Code, § 3009; Health and Safety Code, § 11001, subd. [c], par. 1). The court in the Victor case notes, in discussing what is meant by imminent danger of being addicted, that the repeated use of the narcotic must have reached the point where the person is in imminent danger of becoming emotionally or physically dependent on its use.
Physical dependence, without more, may therefore warrant a finding of addiction. In the case at bar, the defendant was going through withdrawal symptoms at the time of the examination* during which he admitted to using five “ bags ” of narcotics á day for a period of one year. Addiction was amply established by the evidence.
, Defendant contends that subdivision 5 of section 207 of the Mental Hygiene Law, insofar as it authorizes the admission into evidence of statements obtained from defendant by a doctor, violates his privilege against self incrimination and right to counsel. Counsel for defendant correctly points out that Matter of James (29 A D 2d 72), wherein it was held that the rules laid down iti. Miranda v. Arizona (384 U. S. 436) are not applicable in a proceeding to commit an alleged addict, is not controlling here. Matter of James concerned itself with a civil commitment while a proceeding pursuant to sections 207 and 208 of the Mental Hygiene Law is criminal in nature. Subdivision 4 of section 208 provides that the certification of the defendant to the care and custody of the commission is the sentence imposed for the crime charged. Subdivision 5 provides that certification pursuant to subdivision 4 shall be deemed a judgment of conviction. Significantly, former section 213, which was repealed as of October 1,1967, provided that the criminal charge be held in abeyance where the defendant was civilly committed. Under section 208, the criminal charge is not held in abeyance. It is quite evident, therefore, that a commitment under section 208 is not a civil commitment.
The circumstance that the commitment is part of a criminal proceeding furnishes no basis for a constitutional challenge to *353 subdivision 5 of section 207 merely because it authorizes the reception in evidence of statements obtained from the defendant. This section specifically provides that at the trial of such defendant his statements may not be used against him for any purpose whatsoever. So far as the commitment proceeding is concerned, its sole purpose is to determine the type of sentence to be imposed after guilt has been established. At this stage, Miranda may not be invoked to preclude the introduction into evidence of admissions which obviously have no relation to the question of innocence or guilt.
Defendant asserts that the failure of section 208 to afford a jury trial, as in the case of addicts who are civilly committed, is violative of the equal protection clause of the Fourteenth Amendment. True, the absence of any reasonable basis for distinguishing between those who are entitled to a jury trial and those who are not would constitute a violation of the equal protection clause (Baxstrom v. Herold, 383 U. S. 107; People v. Lally, 19 NY 2d 27; Matter of Trummer, 60 Cal. 2d 658). However, the Supreme Court pointed out in the Baxstrom case that equal protection does not require that all persons be dealt with identically. What it requires is that the distinction have some relevance to the purpose for which the classification was made. Considering the purpose behind section 206 and section 208, it must be concluded that there is sufficient reason for permitting a jury trial under section 206 but not section 208. Under section 206, which involves civil commitment, the person sought to be committed has not been charged with any crime. The State, prior to a finding that such person is an addict, has no right to deprive him of his liberty. The Legislature has quite properly provided for a jury in such a case to fully protect the alleged addict’s rights.
Similar constitutional concern is not indicated under section 208, for there the defendant has already been found guilty of the crime charged. At that stage, the State has the right and authority to incarcerate the defendant and deprive him of his personal liberty. As previously indicated, the purpose of the hearing is merely to determine the type of sentence to be imposed. The distinction thus noted is sufficient to permit a jury trial in one situation and not in the other.
The defendant’s reliance upon the Baxstrom and Lally cases (supra) seems to be misplaced. Both are readily distinguishable. In Baxstrom, the court condemned as denial of equal protection a procedure whereby a prisoner was civilly committed to a mental institution at the expiration of a prison sentence without the *354 jury review available to nonprisoners who were similarly committed. In Lally, which involved the civil commitment of one found not guilty of a crime by reason of insanity, the person involved was, in effect, not guilty of the crime charged and was in substantially the same position as the non-criminal facing civil commitment. Consequently, it was held that he, too, shared the benefit of jury review. Here, as already noted, we are not concerned with a civil commitment so that Baxstrom and Lally do not aid the defendant.
Another issue raised by defendant relates to the constitutionality of subdivision 2 of section 208 in that it permits a finding of addiction to be made upon a preponderance of evidence rather than upon proof beyond a reasonable doubt. Defendant cites Specht v. Patterson (386 U. S. 605) which involved the Colorado Sex Offenders Act. Under that statute one conviction was the basis for commencing another proceeding to determine whether the convicted person constituted a threat to bodily harm or was an habitual offender and mentally ill. The new finding was not an ingredient of the original offense charged. However, the sentence prescribed under the statute, although less designed as retribution than to keep individuals from inflicting future harm, was nevertheless criminal punishment. Accordingly, it was held that due process must be afforded in such a case. This meant that the defendant had a right to be present with counsel, have an opportunity to be heard, be confronted with witnesses, have the right to cross-examine and to offer evidence on his own behalf. (To this effect, see People v. Bailey, 21 N Y 2d 588, decided April 10, 1968.)
While due process may require a finding of guilt beyond a reasonable doubt in order to convict (cf. Code Crim. Pro., § 389), no such finding is required here. The hearing did not concern itself with defendant’s innocence or guilt. Indeed, it has been held that a State Legislature may not make narcotic addiction a crime (Robinson v. California, 370 U. S. 660). The only purpose of the hearing was to determine the type of sentence to be imposed, and in the disposition of this phase of the case there is no requirement of proof beyond a reasonable doubt.
The constitutionality of subdivision 5 of section 208 is also attacked in that it allegedly contravenés the Eighth Amendment’s prohibition against cruel and unusual punishment. This contention lacks merit. It is clearly within the competence of the State to establish a program for compulsory treatment of narcotic addicts. By no stretch of the imagination can this *355 be deemed to constitute cruel and unusual punishment (Robinson v. California, supra; Matter of De La O, 59 Cal. 2d 128, cert, den. 374 U. S. 856).
As already indicated, Robinson held that narcotic addiction cannot be made a crime. This is not violated by the present procedure. While subdivision 5 of section 208 provides that certification shall be considered a judgment of conviction, the defendant stands convicted of the crime originally charged and the certification merely formalizes the judgment of conviction.
Defendant’s further observation that the principle of criminal liability for possessing narcotics is at odds with the holding in Robinson merits no serious consideration. In Robinson, the Supreme Court specifically stated that the State’s right to exercise its police power to regulate narcotic drug traffic within its borders cannot be questioned and that such regulation can assume many forms, including criminal sanctions against the possession of narcotics.
Another contention is that the definition of ‘ ‘ addict ’ ’, as contained in subdivision 2 of section 201 is constitutionally vague. This argument was considered and rejected in Matter of Spadafora (54 Misc 2d 123, affd. 29 A D 2d 742). It was there held that the definition was sufficiently clear to meet constitutional standards.
Lastly, it is urged that the disparity in the length of time of incarceration between nonaddicts and addicts convicted of identical crimes results in deprivation of equal protection of the laws. The answer to this contention is that the longer detention of an addict is oftentimes necessary in order that he may receive proper and adequate treatment. As to defendant’s corollary argument that there has been no showing that more than one year is required to fully treat an addict, it suffices to point out that while subdivision 4 of section 208 prescribes a three-year maximum '(for misdemeanors or the offense of prostitution) it also provides for earlier release if the defendant is rehabilitated.
For all the reasons stated, I conclude that the procedure established by article 9 of the Mental Hygiene Law for certification of an addict to the care and custody of the Narcotic Addiction Control Commission is constitutional and that the certification in this case was proper.
The judgment of conviction should be affirmed.
Schwabtzwald and Rinaldi, JJ., concur.
Judgment affirmed.