[Crim. No. 3219. Fourth Dist., Div. One. Jan. 29, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE WASHINGTON, Defendant and Appellant.

Fred Taub, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Elizabeth Miller and Robert F. Katz, Deputy Attorneys General, for Plaintiff and Respondent.

WHELAN, J. — Defendant George Washington appeals from an order dated October 27, 1967, committing him to the Director of Mental Hygiene for placement as a mentally disordered sex offender (MDSO) not amenable to treatment in a hospital. (Welf. & Inst. Code, §§ 5512, 5518.)

### PROCEDURAL BACKGROUND

An information was filed in the superior court on December 29, 1966, charging defendant with child stealing, and in a second count with annoying and molesting a child other than the one named in the first count.

On February 23, 1967, defendant pleaded guilty to the misdemeanor count and the charge of child stealing was dismissed. Criminal proceedings were suspended and proceedings instituted for a determination whether defendant was a mentally disordered sex offender, which resulted, after appropriate intervening steps, in defendant's return to the superior court based upon a certificate by the superintendent of the Atascadero State Hospital dated May 26, 1967, that defendant is a mentally disordered sex offender but is not amenable to treatment in a hospital setting, and that society still needs to be protected from him.

Upon his return, defendant was referred to the criminal division of the court, which again suspended proceedings and

certified defendant for examination and report by psychiatrists, and set a date for a hearing to determine whether defendant was an MDSO.

At that hearing on June 21, 1967, the court made its order finding defendant to be an MDSO and that he should be recommitted to the Department of Mental Hygiene for placement for an indeterminate period in the state hospital at Atascadero, California, an institution for the care and treatment of mentally disordered sex offenders, and that he be delivered to the Department of Mental Hygiene for placement at Atascadero, California. The minutes of the court for June 21, 1967, show that the written order of that date is in accordance with the minute order.

The superintendent of the Atascadero Hospital again issued a certificate on August 29, 1967, that defendant "remains a danger to society" and had reached maximum hospital benefit, and should be returned to the committing court for proceedings under sections 5512 and 5518, Welfare and Institutions Code.

Upon defendant's appearance before the superior court on September 20, 1967, he was ordered returned to the criminal division, which, on September 27, suspended proceedings and certified defendant for examination and hearing to determine his status as an MDSO.

The hearing opened on October 24, resumed on October 25 and concluded on October 26. On October 24, a witness on defendant's behalf was sworn and examined; a lay witness offered by the People was sworn, examined and cross-examined; defendant offered a medical report of Dr. Larson, a psychiatrist in private practice appointed by the court, which was received by stipulation; Dr. Lengyel, one of the two psychiatrists appointed to examine defendant under the code provisions, gave brief testimony; at the request of defense counsel the court ordered that Dr. Lengyel re-examine defendant; on October 25, 1967, a stipulation was made that the court might read and consider all the written medical reports and that defense counsel, if he wished to do so, might cross-examine the doctors. On October 26, 1967, no request was made by defense counsel for cross-examination on the medical reports. An order embodied in a written order dated October 27, 1967, was made that defendant "continues to be a mentally disordered sex offender; and . . . is not amenable to hospital treatment at the present time and . . . continues to

be and is presently a danger to society . . ." and that defendant be committed to the Department of Mental Hygiene for an indeterminate period for placement pursuant to sections 5512 and 5518, Welfare and Institutions Code.

The proceedings on October 24 and 25, 1967, were before a judge in a department of the civil division that handled cases dealing with the alleged mentally ill and related proceedings. The proceedings on October 26 were before the presiding judge of the criminal division, who did not hear the oral testimony that had been presented before the judge of the civil division on October 24.

The matter went back to the judge of the criminal division after the judge in the civil division had stated on October 25:

" [B]efore this court has any further proceedings in this matter, I am going first to remand it to Department 9, which is the court out of which these proceedings originated. That remand will be for further proceedings in accordance with the provisions of section 5518 of the Welfare and Institutions Code.

"Mr. McKillop do you have anything to say or anything in opposition to that at this state of the proceedings?

". . . . . . . . . . . . . .

". . . [N]o further proceedings will take place in this Department pending further action by the original criminal court."

On October 30, 1967, there was filed with the clerk of the superior court a handwritten communication, as follows: "I would like to put a notice of appeal in my case. Kindly advise. Thank you. George Washington."

That notice was interpreted by the presiding judge as a request for a jury trial under section 5512.5, Welfare and Institutions Code, who made an order setting a jury trial date. On motion of the district attorney, the jury setting was vacated on December 15, 1967, upon a finding that "a right to jury trial under Section 5512.5 of the Welfare and Institutions Code existed at an earlier stage of these proceedings but has lapsed, and therefore that no right to jury trial currently exists . . ."

The order provided also that the request filed on October 30, 1967, was construed to be a request for an appeal; and it is on that basis that the appeal is now before this court.

## GROUNDS FOR APPEAL

The following grounds for appeal are stated:
"THE COURT FAILED TO MAKE FINDINGS BASED ON COMPETENT EVIDENCE.

. . . . . . . . . . . . .

"THE COURT'S COMMITMENT OF APPELLANT IS VOID BECAUSE THE COURT FAILED TO ACCORD APPELLANT THE DUE PROCESS RIGHTS TO CROSS-EXAMINE WITNESSES AND TO HAVE ISSUES OF FACT DETERMINED BY A JURY."

## POSITION OF RESPONDENT

Respondent's position is that defendant's only right to a jury trial was to have requestd such within 10 days of the order of June 21; and that defendant waived his right to cross-examine the medical witnesses by stipulating that their reports might be read and considered, and by not stating that he wished to cross-examine them after his right to do so had been recognized by the court.

## THE OCTOBER 1967 COMMITMENT

Defendant was not denied the right to cross-examine the medical witnesses at the proceedings of October 24, 25 and 26, 1967. He did in fact cross-examine a lay witness; he presented one oral witness on his own behalf, offered a written medical report without having the maker of the report sworn, and stipulated that other medical reports might be read and considered. There is also in the record the opinion of Dr. Lengyel, given orally on October 25, which would support a finding that defendant was an MDSO.

If the appeal were to be decided solely on the question of a waiver of the right to cross-examine, we should say that defendant had waived that right.

However, the judge to whom the matter was properly certified for hearing by the criminal department, and who heard a part of the evidence,[1] made no determination of the issue, but returned the case to the criminal department in which the order of commitment was made that is now appealed from. The same judge of the superior court may successively hear criminal and civil matters. It appears here, however, that the civil and criminal matters were intended to be divided between different judges.

---

[1] The evidence heard by him would have been of small help to defendant.

That order must be reversed for the reason that it was not made in accordance with section 5512, Welfare and Institutions Code.

RIGHT TO JURY TRIAL

■ Section 5512.5, Welfare and Institutions Code, does not in terms provide for a right to a jury trial where the MDSO has been certified as not amenable to hospital treatment.

It would be a denial of equal protection if a jury trial were accorded one committed for an indeterminate period to a state hospital but not to one committed for an indeterminate period to the Department of Mental Hygiene for placement in an institution provided pursuant to section 5518. We hold that an order of commitment made first after the commitment for a 90-day observation period gives rise to a right to demand a trial under section 5512.5, Welfare and Institutions Code, whether such order of commitment is for hospital care and treatment or for original placement under sections 5512 and 5518. (See *In re Trummer*, 60 Cal.2d 658 [36 Cal.Rptr. 281, 388 P.2d 177].)

We do not believe that *People* v. *Berry*, 257 Cal.App.2d 731 736 [65 Cal.Rptr. 125], holds any more than that the right to a jury trial is limited to "the stage in the proceedings when an indefinite committment is first contemplated . . . ."[2]

■ Whatever right to a retrial of the issue of defendant's mental disorder he may have had under section 5512.5, Welfare and Institutions Code, was not lost because no request was made within 10 days of the order of June 21, 1967. ■ That order committing defendant for placement in the state hospital lacked all statutory authority, since, under sections 5512 and 5518, the court had one of two alternatives: to reinstate the criminal proceedings; or to recertify defendant for proceedings to determine whether he was an MDSO not amenable to treatment; having chosen the second alternative, if the finding was in the affirmative, the order of commitment could only have been for placement in an institution provided pursuant to section 5518, Welfare and Institutions Code. (*People* v. *Berry*, *supra*, 257 Cal.App.2d 731.)

---

[2] Statements seemingly inconsistent with our holding are found in *People* v. *Berry*, 257 Cal.App.2d 731 [65 Cal.Rptr. 125]; *People* v. *Willey*, 128 Cal.App.2d 148 [275 P.2d 522]; *People* v. *Fuller*, 226 Cal. App.2d 331 [38 Cal.Rptr. 25]. In none of these cases was a jury trial requested after an original commitment to an institution provided under section 5518 made as the first commitment for an indeterminate period after the 90-day observation period.

 Since the order of June 21, 1967, was void, defendant's failure to ask for a retrial within 10 days thereafter should not be held to be a waiver of that right, which he may exercise after a hearing had in conformity with the statute upon which an order has been made within the court's jurisdiction to make.[3]

The order of June 21, 1967, is vacated and set aside as void.

The order appealed from is reversed and the matter remanded with directions to proceed as upon a return from the state hospital after an original 90-day period of observation on a certificate from the superintendent of Atascadero that defendant is an MDSO not amenable to hospital treatment.

Brown (Gerald), P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied February 14, 1969.

---

[3]The only issue in such a retrial would be whether defendant is an MDSO, since the question whether he is amenable to hospital treatment is for the sole determination of the hospital authorities.