THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SLEPINSKI, Appellant.

Fourth Department, November 5, 1976

*Nathaniel A. Barrell (Rosalie Stoll* of counsel), for appellant.

*Edward C. Cosgrove (John DeFranks* of counsel), for respondent.

MARSH, P. J. On this appeal defendant contends, and we agree, that it was error to sentence him as a second felony offender. The record does not establish a "predicate felony conviction" of the defendant permitting his sentence as a second felony offender, in that no sentence was imposed upon the prior conviction alleged as required by section 70.06 (subd 1, par [b], cl [ii]) of the Penal Law. Following his plea of guilty to a violation of section 11500 of the California Health and Safety Code, involving a charge of possession of heroin, defendant, pursuant to the provisions of section 3051 of the California Welfare and Institutions Code, was found to be addicted to the use of narcotics, imposition of sentence was adjourned and he was committed to the Director of Corrections for placement in the narcotic treatment and rehabilitation facility. Thereafter defendant's commitment to the facility was vacated and "criminal proceedings * * * reinstated" by reason of his being "absent without leave from the Civil Addict Program". No record appears of any sentencing of defendant for the crime to which he pleaded guilty, or of entry of judgment thereon.

That the statute, section 3051 of the California Welfare and Institutions Code, under which defendant was committed for rehabilitative treatment as an addict did not provide for a sentence terminating the criminal proceedings by judgment is established by its unambiguous language: "Upon conviction of a defendant for any crime in any superior court * * * if it appears to the judge that the defendant may be addicted * * * he shall adjourn the proceedings or suspend the imposition of the sentence * * *. If, after a hearing and examination, the judge finds that the person charged is a narcotic addict * * * he shall make an order committing such person to the custody of the Director of Corrections for confinement in the facility".

As was pointed out in *Showers v Lloyd* (296 F Supp 441, 444-445): "An examination of the applicable statutes shows

that the California State Legislature clearly intended that criminal proceedings be suspended or adjourned after conviction but before sentencing where it appears that a defendant is addicted or in danger of becoming addicted to narcotics. Cal. Welf. & Inst. Code, §§ 3050-3053. If commitment is found to be advisable after a hearing pursuant to Welfare and Institutions Code, § 3051, defendant is sent to a rehabilitation center. Upon discharge from the center, the criminal proceedings are reopened, and at that time the trial court has discretion to dismiss the criminal charges or sentence the defendant. Cal. Welf. & Inst. Code, §§ 3053, 3200, 3201; *People v. Salazar,* 238 Cal. App. 2d 474, 47 Cal. Rptr. 894."

Also, the statutory scheme contemplating a commitment for addicts during a suspension of all criminal proceedings and prior to the imposition of sentence for the crime of which a defendant has been convicted is fully set forth in *People v Salazar* (238 Cal App 2d 474, 475): "The procedure for civil commitment implements a program of compulsory treatment and rehabilitation for narcotics addicts. (Welf. & Inst. Code, §§ 3000, 3001 (formerly Pen. Code, §§ 6399, 6400); *In re De La O,* 59 Cal. 2d 128, 148-149 [28 Cal. Rptr. 489, 378 P. 2d 793], cert. den. 374 U.S. 856 [83 S. Ct. 1927, 10 L. Ed. 2d 1076].) If the trial court finds the defendant is a narcotics addict or in danger of becoming one, and the court also finds the defendant is a fit subject for commitment to a narcotics rehabilitation center, then it must adjourn the criminal proceedings until a hearing has been held on the issue of addiction, using the procedure established for the determination of mental illness. (Welf. & Inst. Code, §§ 3051, 5353, 5053-5055; *People v. Ortiz,* 61 Cal. 2d 249, 254-255 [37 Cal. Rptr. 891, 391 P. 2d 163]; *People v. Wallace,* 59 Cal. 2d 548, 553 [30 Cal. Rptr. 449, 381 P. 2d 185].) If the defendant is found to be a narcotics addict, or in imminent danger of becoming one, he may be committed to a rehabilitation center. (Welf. & Inst. Code, § 3051.) Upon discharge from the center, the criminal proceedings are reopened. At that time the court may dismiss the criminal charges, or it may sentence the defendant with credit for time spent in the center. (Welf. & Inst. Code, §§ 3053, 3200, 3201 (formerly Pen. Code, §§ 6453, 6520, 6521).)"

No analogy can be drawn between the California statute and section 60.03 of the Penal Law, having to do with authorized sentences for narcotics addicts convicted of crimes in this State. Unlike the provisions of the California statutes, the

sentences contemplated by section 60.03 of the Penal Law are deemed to be final judgments of conviction (see, also, CPL 1.20, subd 15). Reference in section 70.06 (subd 1, par [b], cl [iii]) of the Penal Law to "a sentence of certification to the care and custody of the office of drug abuse services" relates to such sentences, which by section 60.03 of the Penal Law are deemed final judgments of conviction.

The record establishes that no sentence constituting a final judgment of conviction was ever entered in the State of California against the defendant which would permit invoking the provisions of the second felony offender statute in New York. Accordingly, the judgment should be reversed and the matter remitted for resentencing of appellant as a first felony offender.

MOULE, SIMONS, GOLDMAN and WITMER, JJ., concur.

Judgment insofar as it imposes sentence unanimously reversed on the law and defendant remanded to Erie County Court for resentence as a first felony offender and otherwise judgment affirmed.